**Cornell WHITE, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. ED 78939.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Oct. 2, 2001.

---

4. That Defendant was driving the vehicle is not disputed.

Douglas R. Hoff, Asst. Public Defender, St. Louis, MO, for appellant.

Jeremiah W. (Jay) Nixon, Attorney General, Linda Lemke, Assistant Attorney General, Jefferson City, MO, for respondent.

RICHARD B. TEITELMAN, Judge.

Cornell White ("appellant") appeals from an order and judgment denying his Rule 29.15 motion for post-conviction relief without an evidentiary hearing. We reverse and remand.

### Factual and Procedural Background

Appellant was convicted of two counts of murder in the second degree and two counts of armed criminal action. He was sentenced to consecutive terms of life imprisonment for each count. This Court affirmed his conviction in *State v. White*, 9 S.W.3d 643 (Mo.App. E.D.1999).

Appellant filed a *pro se* Rule 29.15 motion for post-conviction relief on May 22, 2000. On September 11, 2000, appellant's appointed counsel filed an amended Rule 29.15 motion. Counsel physically attached and incorporated several of appellant's *pro se* points into the amended motion. Appellant's *pro se* points alleged that trial counsel was ineffective for failing to object to: (1) the State knowingly introducing perjured testimony and arguing the truth of that testimony; (2) the prosecutor referring to matters outside the record during closing argument; (3) improperly vouching for the credibility of the State's witnesses' during closing argument; and (4) constructively amending the charging document during opening statement. Appellant also alleged that appellate counsel was ineffective for failing to recognize and assert on direct appeal the prosecutor's misconduct in knowingly presenting false testimony, hinting at additional incriminating evidence, personally vouching for the credibil-

ity of the state's witnesses and constructively amending the charging document.

On November 17, 2000, the motion court denied appellant's post-conviction motion without an evidentiary hearing. While the motion court did issue findings of fact and conclusions of law on the points set forth by appointed counsel, it did not issue findings of fact or conclusions of law on appellant's *pro se* points. Appellant argues that the motion court erred in failing to issue findings of fact and conclusions of law on his *pro se* points as required under Rule 29.15(j).

### Standard of Review

■■■ The standard of review of the motion court's action is limited to a determination of whether the findings and conclusions of the court are clearly erroneous. *Moss v. State*, 10 S.W.3d 508, 511 (Mo. banc 2000). The court's rulings are presumed correct and will be found clearly erroneous only if, upon a review of the entire record, the appellate court is left with a definite and firm impression that a mistake has been made. *Id.*

### Discussion

■■■ Rule 29.15(j) provides, in part, that "the court shall issue findings of fact and conclusions of law on all issues presented, whether or not a hearing is held." There is no ambiguity in this directive and its requirements are not a mere formality. *Crews v. State*, 7 S.W.3d 563, 567 (Mo.App. E.D.1999). The motion court is not required to issue itemized findings and conclusions. *Id.* However, the findings and conclusions must be sufficient to permit meaningful appellate review. *Id.* This court will not supply findings of fact and conclusions of law by implication from the court's ruling. *Id.*

Although Rule 29.15 requires findings and conclusions for all issues presented,

not every failure to enter a finding or conclusion for an issue requires reversal and remand. *Bowens v. State*, 18 S.W.3d 118, 120 (Mo.App. E.D.2000); *Crews*, at 567–68. In *Crews*, this court set forth the following five exceptions to the Rule 29.15(j) requirement for findings and conclusions:

(1) no finding of fact is necessary where the only issue is one of law, but the court must still enter a conclusion of law;

(2) an appellate court will not order a useless remand to direct the court to issue a proper conclusion of law on an isolated issue where it is clear that the movant is entitled to no relief as a matter of law and will suffer no prejudice by denying a remand;

(3) findings and conclusions are not required on an allegation if the court grants a hearing on the motion and the movant fails to present substantial evidence at the hearing to support that allegation;

(4) findings and conclusions are not required for issues that were not properly raised or are not cognizable in a post-conviction motion; and,

(5) reversal is not required if the motion itself was insufficient. *Id.* at 568.

The state's primary argument is that appellant's allegations fail as a matter of law and, therefore, that the failure to enter findings of fact and conclusions of law does not require reversal. The state also argues that this court should not enter a useless remand for findings of fact and conclusions of law on an isolated issue. Thus, the state appears to argue that the first and second *Crews* exceptions are applicable in this case. They are not.

■■■ First, none of White's claims are pure issues of law that would permit this

court to appropriately engage in a de novo review of the record. Moreover, the "matter of law" exception is inapplicable where, as here, the motion court's order does not even contain conclusions of law on appellant's *pro se* claims. *See Barry v. State,* 850 S.W.2d 348, 350 (Mo.banc 1993); *Crews* at 568.

Second, the motion court did not simply fail to issue findings on an "isolated issue." Appellant set forth several separate points in his *pro se* motion. The failure to enter findings and conclusions on several separate *pro se* points does not constitute the simple oversight of an isolated issue. It constitutes reversible error. Without findings of fact and conclusions of law entered by the motion court on these issues, there is nothing for this court to review. *Fountain-Bey v. State,* 24 S.W.3d 716, 718 (Mo. App. E.D.1999). "Were this court to furnish the necessary findings and conclusions, review would be impliedly de novo and impermissible in face of the unequivocal mandate of the rule." *Burton v. State,* 895 S.W.2d 648, 649 (Mo.App. W.D.1995).

We reverse and remand to the motion court for findings of fact and conclusions of law on appellant's six *pro se* claims that comply with Rule 29.15(j).

GARY M. GAERTNER, Sr., J., and CLIFFORD H. AHRENS, J., concur.