Terry KRAMER, Appellant,

v.

STATE of Missouri, Respondent.

No. ED 83302.

Missouri Court of Appeals,
Eastern District,
Division Two.

May 18, 2004.

Andrea K. Spillars, Jefferson City, MO, for respondent.

Edward S. Thompson, St. Louis, MO, for appellant.

## OPINION

GLENN A. NORTON, Presiding Judge.

Terry Kramer appeals the judgment denying his Rule 24.035 motion without an evidentiary hearing. We reverse and remand.

Kramer pled guilty under *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970) to one count of child molestation in the first degree. In his Rule 24.035 motion, Kramer alleged that his counsel induced him to plead guilty by assuring Kramer that he would receive probation. Kramer also asserted that his plea was involuntary and that his constitutional rights were violated because:

> ... the Court indicated that it could accept Movant's *Alford* plea and would, upon a favorable PSI, consider Movant for probation. However, due to the nature of the offense, Movant was virtually foreclosed from probation regardless of the result of the PSI. Movant consented to a plea agreement wherein he could be placed on probation for Child Molestation given a favorable PSI report. However, the record is clear that, given the nature of the crime, the Court would not have placed Movant on probation in any event. Before ordering that Movant serve the maximum possible sentence, the Court said he would be punished "because of the nature of the offense."

Kramer asserted that, under these circumstances, the court was obliged to reject the plea agreement and permit Kramer the opportunity to withdraw his guilty plea, citing to Rule 24.02(d)(4).[1]

The motion court denied Kramer's claims without an evidentiary hearing. It entered findings of fact as to Kramer's plea, sentence and timely motions for post-conviction relief. The court issued conclusions of law as to the ineffective assistance

---

1. That rule, and the common law preceding it, provide that a sentencing court may not deviate from a plea agreement without giving the defendant the chance to withdraw his plea. *See generally Simpson v. State*, 990 S.W.2d 693, 695–97 (Mo.App. E.D.1999) (discussing *Schellert v. State*, 569 S.W.2d 735 (Mo. banc 1978) and Rule 24.02(d)(4)); *see also Harrison v. State*, 903 S.W.2d 206, 208–211 (Mo.App. W.D.1995) (discussing impact of difference between "true plea agreement" and "non-binding recommendation" on court's obligations under Rule 24.02(d)(4)).

of counsel claims, finding that those allegations were clearly refuted by the record. But the court issued no findings of fact or conclusions of law as to Kramer's allegations that the court should not have accepted his plea. On appeal, Kramer argues that it was clear error to deny this claim without a hearing or any findings. We agree.

The court is required to issue findings of fact and conclusions of law on all issues presented in a Rule 24.035 motion, whether or not a hearing is held. Rule 24.035(j). Findings and conclusions are necessary to allow meaningful appellate review. *Barry v. State,* 850 S.W.2d 348, 350 (Mo. banc 1993); *see also* Rule 24.035(k). Nevertheless, not every failure to enter findings and conclusions mandates reversal and remand. *White v. State,* 57 S.W.3d 341, 343 (Mo.App. E.D.2001).[2] For instance, findings of fact are not necessary where the only issue is one of law—but the court must still enter a conclusion of law. *Id.* Nor will we remand so the court can make "a proper conclusion of law on an isolated issue where it is clear that the movant is entitled to no relief as a matter of law and will suffer no prejudice by denying a remand." *Id.*

Contrary to the State's contention, neither of these exceptions to the requirements of Rule 24.035(j) applies here because the court did not enter any conclusions of law on this issue.[3] Whether the court met its obligations regarding rejection of the plea agreement in this case is not a pure question of law; even if it were, a conclusion of law must still be issued.

*Id.; see also Macke v. State,* 867 S.W.2d 703, 704 (Mo.App. E.D.1993). Likewise, the "matter of law" exception is inapplicable where the court issues no conclusion of law on the claim. *White,* 57 S.W.3d at 344. To furnish the necessary findings and conclusions in this case would be to engage impermissibly in *de novo* review. *See id.; see also* Rule 24.035(k) (limiting appellate review "to a determination of whether the findings and conclusions of the trial court are clearly erroneous"). Kramer's point is granted.

The judgment is reversed, and the case is remanded to the motion court for further proceedings consistent with this opinion and Rule 24.035(j).

KATHIANNE KNAUP CRANE, J., and MARY K. HOFF, J., concurring.

---

2. Although *White* was decided under Rule 29.15(j), Rules 29.15 and 24.035 are companion rules, and it is appropriate to rely on cases interpreting Rule 29.15 in this Rule 24.035 case. *See Crews v. State,* 7 S.W.3d 563, 569 n. 1 (Mo.App. E.D.1999).

3. Nor do any of the other recognized exceptions apply. *See White,* 57 S.W.3d at 343 (findings and conclusions not required where no substantial evidence presented at hearing, where issue not properly raised or cognizable in post-conviction motion, or where motion itself insufficient).