**Theodore MITCHELL, Appellant,**

v.

**STATE of Missouri, Respondent.**

No. ED 86401.

Missouri Court of Appeals,
Eastern District,
Division Four.

May 23, 2006.

N. Scott Rosenblum, Mark W. Lyons, St. Louis, MO, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Shaun J. Mackelprang, Cecily L. Daller, Jefferson City, MO, for respondent.

NANNETTE A. BAKER, Presiding Judge.

Theodore Mitchell ("Movant") appeals from the motion court's order denying his Rule 24.035 [1] motion for post-conviction relief without an evidentiary hearing. We reverse and remand.

On November 12, 2002, Movant pled guilty to first-degree statutory sodomy, in violation of Section 566.062,[2] by engaging in deviant sexual intercourse with M.W., a minor under the age of twelve. On January 24, 2003, the court sentenced Movant to ten years' imprisonment.

On April 22, 2003, Movant filed a pro se motion for post-conviction relief pursuant to Rule 24.035. The court appointed counsel and granted Movant an additional thirty days to file an amended motion. On August 7, 2003, Movant timely filed an amended motion to vacate, correct or set aside his plea of guilty and a request for an evidentiary hearing. Movant claimed that his plea counsel was ineffective in advising Movant that by pleading guilty to first-degree statutory sodomy, he would probably receive probation, but at the absolute worst, he would just get 120 days of shock time in the county jail. Movant also claimed that his plea counsel rendered ineffective assistance of counsel when he failed to investigate coercive police tactics, which influenced his decision to plead guilty.

On June 3, 2004, the court issued a notice of dismissal of Movant's post-conviction relief claim for failure to prosecute. Movant filed a motion to reinstate case to active status on June 21, 2004. On July 1, 2004, the court granted Movant's motion and reinstated the case to active status.

The motion court denied Movant's amended motion without an evidentiary hearing on April 25, 2005. The court issued no findings of fact or conclusions of law as to Movant's allegations. Instead, the court merely wrote, "Movant's request for evidentiary hearing is denied after argument. State's request for dismissal of Movant's claim 8(a) is hereby granted."

---

1. All rule references are to Mo. Rules Crim. P.2004, unless otherwise indicated.

2. All statutory references are to RSMo.2000, unless otherwise indicated.

In his sole point on appeal, Movant claims that the motion court erred in denying his post-conviction relief motion without an evidentiary hearing because Movant presented sufficient facts to demonstrate that his counsel was ineffective. He relies on the sentencing transcript to demonstrate the motion court's error.

This court however, cannot review the transcript to make a determination of trial court error in a post-conviction relief matter. Before addressing the merits of Movant's argument, we must first determine whether the motion court sufficiently complied with Rule 24.035.

■ Rule 24.035(k) provides, "Appellate review of the trial court's action on the motion filed under this Rule 24.035 shall be limited to a determination of whether the findings and conclusions of the trial court are clearly erroneous." The court is required to issue findings of fact and conclusions of law on all issues presented in a Rule 24.035 motion, whether or not a hearing is held. Rule 24.035(j). The findings of fact and conclusions of law must be sufficiently specific to allow meaningful appellate review. *Barry v. State*, 850 S.W.2d 348, 350 (Mo. banc 1993).

■ Nevertheless, not every failure to enter a finding or conclusion for an issue requires reversal and remand. *White v. State*, 57 S.W.3d 341, 343 (Mo.App. E.D. 2001). We will discuss each of the exceptions and whether they apply to the instant case. In *White* and in *Crews v. State*, 7 S.W.3d 563, 568 (Mo.App. E.D.1999), this court noted five possible exceptions to this rule.[3]

■ First, no finding of fact is necessary where the only issue is one of law, but the court must still enter a conclusion of law. *White*, 57 S.W.3d at 343. In the instant case, the motion court failed to enter both findings of fact and conclusions of law as to the allegations. Therefore, this exception does not apply.

■ Second, an appellate court will not order a useless remand to direct the motion court to enter a proper conclusion of law on an isolated issue overlooked by the motion court where it is clear that movant is entitled to no relief as a matter of law and will suffer no prejudice by being denied a remand. *Id.* Here, the motion court failed to issue either findings of fact or conclusions of law regarding Movant's only allegation of ineffective assistance of counsel in his amended motion. As such, this exception does not apply.

■ Third, findings of fact or conclusions of law are not required on an allegation if the court grants a hearing on the motion and the movant fails to present substantial evidence at the hearing to support that allegation. *Id.* Here, the motion court denied Movant's motion without an evidentiary hearing and Movant had no opportunity to present evidence. Hence, this exception does not apply.

■ Fourth, findings and conclusions are not required for issues that were not properly raised or are not cognizable in a post-conviction motion. *Id.* Here, since Movant's allegations were properly raised and are cognizable in his post-conviction motion, this exception does not apply.

■ Finally, reversal is not required if the motion itself was insufficient. *Id.* Since Movant's amended motion sufficiently alleged a claim for ineffective assistance of plea counsel, the pleaded allegations

---

**3.** Although both *White* and *Crews* were decided under Rule 29.15(j), it is appropriate to rely on cases interpreting Rule 29.15 in this Rule 24.035 case. *Kramer,* 136 S.W.3d at 89 n. 2.

were sufficient and this exception does not apply. Therefore, none of the five exceptions discussed in *White* and *Crews* concerning the rule requiring the court to issue findings of facts and conclusions of law apply to the instant case.

*Kramer v. State* is factually similar to the instant case. 136 S.W.3d 87 (Mo.App. E.D.2004). In *Kramer*, the motion court denied the defendant's claims without an evidentiary hearing. *Id.* at 88. The court entered findings of fact as to the defendant's plea, sentence and timely motions for post-conviction relief. *Id.* The court issued conclusions of law as to the ineffective assistance of counsel claims, finding that those allegations were clearly refuted by the record. *Id.* at 88–89. But the motion court issued no findings of fact or conclusions of law as to the defendant's allegations that the court should not have accepted his plea. *Id.* at 89. On appeal, this court held that none of the exceptions to the requirements of Rule 24.035(j) applied because the court did not enter any conclusions of law on whether the court should not have accepted his plea. *Id.* This court stated that "to furnish the necessary findings and conclusions in this case would be to engage impermissibly in *de novo* review." The order was reversed and the case was remanded to the motion court for further proceedings. *Id.*

Here, the motion court failed to issue findings of fact and conclusions of law, thus its order of dismissal was insufficient to adequately allow this court to review Movant's contentions. Instead of findings of fact or conclusions of law, the motion court merely wrote, "Movant's request for evidentiary hearing is denied after argument. State's request for dismissal of Movant's claim 8(a) is hereby granted." By failing to provide any findings of fact or conclusions of law, the motion court left nothing for a meaningful

appellate review. Like *Kramer*, if we were to furnish findings of fact and conclusions of law, we would be engaging in *de novo* review which is not permitted under Rule 24.035(k). Therefore, the order is reversed and remanded to the motion court for further proceedings consistent with this opinion and Rule 24.035(j).

ROBERT G. DOWD, JR., J., and SHERRI B. SULLIVAN, J., concur.