Scott **HENLEY, Movant/Appellant,**

v.

**STATE of Missouri, Respondent.**

No. ED 97123.

Missouri Court of Appeals, Eastern District, Division Two.

Oct. 30, 2012.

Scott Thompson, District Defender, St. Louis, MO, for Appellant.

Chris Koster, Attorney General, Dora A. Fichter, Assistant Attorney General, Jefferson City, MO, for Respondent.

Before KATHIANNE KNAUP CRANE, P.J., MARY K. HOFF, J., and LISA S. VAN AMBURG, J.

## OPINION

PER CURIAM.

Scott Henley (Movant) appeals from the motion court's Findings of Fact, Conclusions of Law, and Judgment (Judgment) denying his Rule 29.15 Amended Motion to Vacate, Set Aside, or Correct Judgment and Sentence and Request for Evidentiary Hearing (PCR Motion), alleging ineffective assistance of counsel. We remand the Judgment only with regard to Movant's third point on appeal. We affirm the Judgment in all other respects and have provided a memorandum pursuant to Rule 84.16(b) for the information of the parties and setting forth the reasons for our decision affirming Movant's other claims.

### Factual and Procedural Background

In the underlying case, Movant was charged with one count of first-degree burglary, in violation of Section 569.160 [1], one count of forcible rape, in violation of Section 566.030, and one count of second-degree robbery, in violation of Section 569.030. A jury found Movant guilty on the forcible rape charge and on the second-degree robbery charge. The jury acquitted Movant on the first-degree burglary charge. The trial court sentenced Movant to consecutive terms of 35 years on the rape conviction and 10 years on the robbery conviction. Movant appealed his convictions and sentences, which were affirmed by this Court in *State v. Henley*, 266 S.W.3d 344 (Mo.App. E.D.2008).

Movant later filed his PCR Motion alleging, *inter alia*, (1) claim 8(a), trial counsel (Counsel) was ineffective in failing to investigate the defense of not guilty by reason of mental disease or defect or diminished capacity; (2) claim 8(b), Counsel was ineffective in failing to advise Movant of his right to present evidence in the penalty phase of trial and in failing to present mitigating evidence; and (3) claim 8(f), Counsel was ineffective in failing to advise Movant of his right to present closing argument and in waiving closing argument during the guilt phase of trial.

The motion court subsequently denied Movant's request for an evidentiary hearing as to some of his claims and granted a

---

1. All statutory references are to RSMo 2000, unless otherwise indicated.

hearing as to others.[2] Specifically, in a written order, the motion court denied an evidentiary hearing with regard to Movant's claim 8(f), Counsel was ineffective in failing to advise Movant of his right to present closing argument and in waiving closing argument during the guilt phase of trial, on the ground that the record from the trial refuted that claim. In the same written order, the motion court granted an evidentiary hearing with regard to Movant's claims 8(a) and 8(b), Counsel was ineffective for failing to investigate the defense of not guilty by reason of mental disease or defect or diminished capacity and failing to advise Movant of his right to present mitigating evidence during the penalty phase of the trial. Following the evidentiary hearing, the motion court issued its Judgment denying Movant's claims 8(a) and 8(b). The Judgment did not include any findings of fact or conclusions of law with regard to Movant's claim 8(f). This appeal followed.

*Discussion*

■ On appeal, Movant claims the motion court erred in denying claim 8(f) of Movant's PCR Motion without a hearing because he alleged facts showing that Counsel was ineffective by waiving closing argument during the guilt phase of trial without Movant's informed agreement. Movant argues that neither Counsel's trial strategy nor Movant's negative responses to routine inquiries conclusively refute his claim. Movant further argues that the motion court failed to make detailed findings and conclusions regarding this claim; thus, this Court is left with nothing to review and must remand for the required findings.

A movant is entitled to an evidentiary hearing on a Rule 29.15 motion only if he alleges facts, not conclusions, warranting relief; the alleged facts are not refuted by the record; and the matter complained of resulted in prejudice to the movant. Rule 29.15(h). An evidentiary hearing is not required where the motion court determines that the movant's post-conviction motion and the files and records of the case conclusively show he is entitled to no relief. Rule 29.15(h).

The motion court is required to issue findings of fact and conclusions of law on all issues presented, whether or not a hearing is held. Rule 29.15(j). Appellate review of the motion court's action on a Rule 29.15 motion shall be limited to a determination of whether the findings and conclusions are clearly erroneous. Rule 29.15(k). "There is no ambiguity in this directive and its requirements are not a mere formality." *White v. State*, 57 S.W.3d 341, 343 (Mo.App. E.D.2001).

■ Although the motion court is not required to issue itemized findings and conclusions, the findings and conclusions must be sufficient to permit meaningful appellate review. *White*, 57 S.W.3d at 343. The appellate court will not supply findings of fact and conclusions of law by implication from the motion court's ruling. *Id.*

Here, the motion court's Judgment provides nothing for this Court to review with regard to Movant's claim 8(f). Prior to entering its Judgment, the motion court entered a written order granting Movant's request for an evidentiary hearing on two claims contained in his PCR Motion but denying an evidentiary hearing on claim 8(f) on the ground that the record refuted that claim. However, the motion court did not include any findings or conclusions with regard to Movant's claim 8(f) in the

---

**2.** Movant waived two of his claims regarding statements Movant had made to police and

regarding Movant's failure to testify on his own behalf at trial.

Judgment. The motion court did not refer to or incorporate its previous written order regarding claim 8(f) into the Judgment. We will not supply findings of fact and conclusions of law by implication from the motion court's ruling. "Were this [Court] to furnish the necessary findings and conclusions, review would be impliedly *de novo* and impermissible in [the] face of the unequivocal mandate of the rule." *White*, 57 S.W.3d at 344 (quotation omitted). Consequently, we must remand the case for the entry of findings of fact and conclusions of law with regard to claim 8(f) of Movant's PCR Motion.

### Conclusion

We remand the case for the entry of findings of fact and conclusions of law with regard to claim 8(f) of Movant's PCR Motion. The Judgment is affirmed in all other respects pursuant to Rule 84.16(b).