James Morgan **STRAUB**, Movant-Appellant,

v.

**STATE of Missouri, Respondent-Respondent.**

No. SD 34711

Missouri Court of Appeals, Southern District, Division One.

Filed: July 11, 2017

---

MARGARET M. JOHNSTON, Columbia, MO, for Appellant.

GARRICK F. D. APLIN, Jefferson City, MO, for Respondent.

DON E. BURRELL, J.

James Morgan Straub ("Movant") appeals the denial of his amended Rule 24.035 motion ("the motion") seeking post-conviction relief.[1] Movant's point claims the motion court erred in finding that Movant's plea counsel was not ineffective in affirmatively misrepresenting to Movant "that he was eligible for probation and the Sex Offender Assessment Unit [ ("the SOAU") ]" as a disposition for his conviction of " 'attempted forcible rape[.]' " *See* section 566.030.[2]

Although the motion court found that plea counsel had given Movant "mistaken advice," the motion court found that it was unreasonable "for Movant to believe that he would receive probation at the time he entered his guilty plea." This ruling was not responsive to Movant's claim that, based upon plea counsel's advice, Movant

had a mistaken but reasonable belief that he was *eligible* for probation and placement in the SOAU. We therefore reverse the ruling and remand the matter to the motion court to rule on Movant's claim after making additional findings addressing: (1) whether plea counsel's "mistaken advice" concerned Movant's eligibility for probation and placement in the SOAU; and, if so, (2) whether Movant reasonably relied on that mistaken advice at the time he entered his guilty plea.

*Authorized Sentencing Dispositions for Attempted Rape in the First Degree*

"Probation is not a sentence nor could the conditions of probation be a sentence." *McCulley v. State*, 486 S.W.2d 419, 423 (Mo. 1972). The disposition of a felony under the criminal code authorizes probation as an option in two instances—when there has been a suspension of the imposition of a sentence or when a sentence has been pronounced, but its execution has been suspended. Section 557.011.2(3) and (4). *See also* **Hoskins v. State**, 329 S.W.3d 695, 698 n.3 (Mo. banc 2010). Section 566.030.2 provides the same punishment for "[t]he offense of rape in the first degree or an attempt to commit rape in the first degree" as, at a minimum, "life imprisonment or a term of years not less than five years[.]" In addition, "[n]o person found guilty of rape in the first degree or an attempt to commit rape in the first degree shall be granted a suspended imposition of sentence or suspended execution of sentence." Section 566.030.4.

---

1. All rule references are to Missouri Court Rules (2017).

2. Statutory references are to RSMo Cum. Supp 2013. The information charged that Movant, in violation of section 566.030, "committed the felony of attempted forcible rape[,]" and the charged offense was described in a similar manner during the plea and sentencing hearings. Section 566.030

prohibits and punishes "rape in the first degree[,]" the nomenclature having been amended from "forcible rape" in 2013. 2013 Mo. Legis. Serv. H.B. 215 (Vernon's) (West's No. 65). Movant's position before the motion court was that the 2013 statutory amendment "did not cause the elements in Movant's case, as charged, to change."

Section 559.115 does not provide an alternative route to probation for Movant's offense. Section 559.115.2 permits a circuit court to grant probation on its own motion up to one hundred twenty days after a defendant is delivered to DOC. *See Masters v. Lombardi*, 472 S.W.3d 214, 216 (Mo. App. W.D. 2015). Additionally, section 559.115.3 specifically authorizes release from DOC on probation in certain circumstances following completion of a particular type of program. *See id.* And "the SOAU is a 'program' for purposes of section 559.115.3[.]" *State ex rel. Valentine v. Orr*, 366 S.W.3d 534, 541 (Mo. banc 2012). But section 559.115.8 imposes a limitation on both of these provisions. "Notwithstanding any other provision of law, probation may not be granted pursuant to [section 559.115] to offenders who have been convicted of ... any offense in which there exists a statutory prohibition against either probation or parole." Section 559.115.8. Thus, probation is not an authorized disposition for the offense to which Movant pleaded guilty under either section 566.030 or 559.115.

### Applicable Principles of Review

 This Court's review of a denial of post-conviction relief is limited to a determination of clear error in the circuit court's findings of fact and conclusions of law. *Taylor v. State*, 382 S.W.3d 78, 80 (Mo. banc 2012). A judgment is clearly erroneous when, in light of the entire record, the court is left with the definite and firm impression that a mistake has been made. *Id.* Even if the

stated reason for a circuit court's ruling is incorrect, the judgment should be affirmed if the judgment is sustainable on other grounds. *Swallow v. State*, 398 S.W.3d 1, 3 (Mo. banc 2013).

 "This standard of review, however, presupposes that the motion court carried out its obligation to 'issue findings of fact and conclusions of law on all issues presented, whether or not a hearing is held.'" *Johnson v. State*, 210 S.W.3d 427, 431 (Mo. App. S.D. 2006) (quoting Rule 24.035(j)). "Generally, the failure to make findings as to all issues requires remand for supplementation of the record." *Haskett v. State*, 152 S.W.3d 906, 909, 911 (Mo. App. W.D. 2005) (remanding for "additional findings and rulings" even though "the failure of the motion court to make findings ... ha[d] not been raised by the parties").

### Evidentiary and Procedural Background [3]

In November 2014, Movant was charged by felony information with "attempted forcible rape" for actions that occurred in September of that year. After the paragraph describing the offense, a second paragraph stated: "The range of punishment for this unclassified felony is a term of imprisonment not less than five (5) years and up to life, and if found guilty defendant is not eligible for probation."

In May 2015, Movant and plea counsel appeared before the trial court [4] to enter a

---

3. "[W]e view the record in the light most favorable to the motion court's judgment, accepting as true all evidence and inferences that support the judgment and disregarding evidence and inferences that are contrary to the judgment." *Hardy v. State*, 387 S.W.3d 394, 399 (Mo. App. S.D. 2012). Given the absence of significant factual findings in the motion court's order, as discussed *infra*, and

solely to provide context for Movant's claim, we have included some evidence that could be viewed as contrary to the motion court's order.

4. The same circuit judge who presided over the guilty plea and sentencing hearings also presided over the motion hearing and entered the order at issue.

guilty plea. A **"PETITION TO ENTER PLEA OF GUILTY"** was admitted into evidence at that hearing, and it included the following acknowledgment signed by Movant: "I have received a copy of the information (charge against me). I have read the information and have discussed it with my lawyer. I fully understand every charge made against me." A written plea agreement, signed by Movant, was also admitted into evidence, and it stated "SENTENCE: cap of 25 years in [DOC]; [Movant] may argue for any sentence or result[.]" The plea agreement also provided that the State would oppose probation, but if it were granted, the conditions of that probation would include specific requirements. Plea counsel informed the trial court that "at sentencing the State will not ask for any more than 25 years in [DOC]. [Movant] is free to ask for any sentence, including probation." Plea counsel also advised that two additional charges included in the information would be dismissed,[5] and "some misdemeanor cases" were "going to be resolved" as a part of the plea agreement. Plea counsel reported that no "more favorable offers" had been extended by the State.

The prosecutor stated that the applicable sentencing range was "five years to life in Missouri Department of Corrections [ ("DOC") ]." The prosecutor did not address whether probation was a prohibited component of the disposition of Movant's guilty plea.

Movant agreed with the trial court's summary that the plea agreement provided for "a cap of 25 years, and [Movant] can argue for any result that [he] want[s] to argue for, [and] that [he has] to complete a substance abuse evaluation[.]" Movant confirmed that no one, including the trial court, had made any promise that he would receive probation, he understood that he could not withdraw his plea if he was not granted probation, and the trial court was not "bound by any recommendation of [plea counsel] or the attorney for the State." The trial court accepted Movant's guilty plea, found him guilty, and dismissed the remaining counts as provided in the plea agreement.

At Movant's August 26, 2015 sentencing hearing, the prosecutor sought "a 25-year sentence[.]" Plea counsel addressed at length—consuming over 13 pages of transcript—his view of Movant's history, which he said included: mental illness; "limited intellectual capacity"; and risk of recidivism. Plea counsel also discussed treatment options in the community that would be available if Movant were to successfully complete the SOAU. Plea counsel requested that Movant be allowed a "chance at the SOAU[,]" pointing out that if he is "not discharged from the SOAU, he will do his sentence." Plea counsel alternatively sought "a lower sentence than 25 years" if the trial court would not "consider the SOAU[.]"

The prosecutor pointed out that Movant's offense did not qualify for a suspended execution of sentence under section 566.030.4 and that "rape in the first degree" was not an eligible offense under section 559.115, although section 559.115 did not expressly reference an "attempt" to commit that crime. Plea counsel replied that he had thought about this and he thought that Movant "would be eligible for SOAU" because the offense was an attempt. The prosecutor acknowledged that "the sentencing assessment report" included sentencing under section 559.115 "as an alternative to a straight sentence[,]" thereby "creat[ing] some confusion on our part

---

5. Count 2 charged "the class D felony of resisting an arrest or a lawful detention," and Count 3 charged "the class A misdemeanor of receiving stolen property[.]"

about ... how that would be handled by [DOC]."

The trial court sentenced Movant to 20 years in DOC and stated that the sentence was "because of the crime that was committed, ... [Movant] presents a danger to the community. [The trial court has] doubts about the successfulness [sic] of efforts to rehabilitate him outside of [DOC]."

Movant's timely-filed, amended post-conviction motion included the claim that he was denied "effective assistance of counsel" when plea counsel "erroneously advised Movant, before he pled guilty, that he was eligible for probation and [SOAU] ... when he was not eligible for that program."[6] In discussing the alleged facts supporting his claim, Movant included that he relied on plea counsel's "advice and representation that probation was a possibility," and if he had been advised "that probation was not an option in his case, Movant would not have entered a plea of guilty, but instead would have proceeded to trial."

At the evidentiary hearing on the motion, plea counsel testified that he had recommended the plea agreement to Movant as "the best that we could do" under the circumstances. Plea counsel had informed Movant that he "could not guarantee anything[,]" and when plea counsel found out that Movant could not be admitted into "some sort of long-term treatment facility[,]" plea counsel thought the "only option" would be "to argue for the [SOAU.]" At the time of the guilty plea hearing, "[plea counsel] believe[d] that probation was an option under the plea agreement" and had "communicated that

belief to [Movant] prior to him [sic] agreeing to plead guilty[.]" At no time before the guilty plea did plea counsel advise Movant "that he was statutorily prohibited from receiving probation[.]"

Plea counsel thought, based upon his research and from what he understood from discussions with the prosecutor, that "it was possible under the law" for Movant to receive probation even if the prosecutor did not agree to it because Movant's offense was an attempt. Plea counsel did not realize before the sentencing hearing that section 566.030.4 prohibited probation as a sentencing option for attempted forcible rape or attempted rape in the first degree. He also did not realize, prior to sentencing, that section 559.115.8 "prohibited the granting of probation pursuant to [the] SOAU assessment if there was any statutory prohibition against probation[.]" Had plea counsel known that Movant "was not eligible for probation or placement in the SOAU program[,]" plea counsel would not have recommended a guilty plea and "probably would have recommended waiving jury and doing some sort of bench trial ... with the hope down the road that" the prosecutor "would consider amending the charge to something" agreeable. Plea counsel "[a]bsolutely" thought that Movant "was led to believe before he pled guilty that probation and placement in the SOAU were possibilities[.]"

A district administrator for DOC's Division of Probation and Parole, Laura Cook, testified that under DOC's guidelines, there was no way for Movant to be considered for SOAU because "he pled guilty to attempted forcible rape under [s]ection

---

**6.** Movant's *pro se* motion was timely-filed on October 15, 2015. *See* Rule 24.035(b). Post-conviction counsel was appointed on October 23, 2015, and post-conviction counsel was again appointed on November 5, 2015. The transcript of Movant's guilty plea and sentencing hearings was filed on February 1, 2016 and the amended motion was filed within 60 days thereafter on March 28, 2016. *See* Rule 24.035 (g).

566.030[,]" which prohibits suspending the imposition or execution of a sentence.

Movant testified that he "rel[ied] on [plea counsel's] advice that [Movant] would be eligible for probation if [he] pled guilty[.]" "If [plea counsel] had told [Movant] before [he] pled guilty that there was no way that [he] could get probation," Movant would not have pleaded guilty but "would have proceeded to trial." Movant did not discuss the SOAU or "the 120-treatment" with plea counsel. Movant understood that if his 20-year sentence were set aside, there was no guarantee that he would get that sentence again, and his sentence could go "up to the maximum of life" with additional time possible if other charges dismissed as a part of his plea agreement were "brought back" by the prosecutor.

The motion court's order summarized some parts of the plea and sentencing hearings. The order also stated that plea counsel "testified that if he had known Movant was not eligible for the SOAU, he would have recommended Movant proceed to bench trial rather than to plea[,]" and plea counsel "testified that Movant was led to believe he was eligible for probation and the SOAU." Movant's testimony was summarized as "[plea counsel] said [Movant] could get probation and that [Movant] would not have plead[ed] guilty if he had known he was prohibited from getting probation." The motion court concluded:

> In this case, the Court made it clear to Movant during the plea proceeding, that the Court would determine the sentence, that the Court was not bound by the recommendations of Movant's attorney, and that it was possible Movant would not receive probation. Thus, even though Movant's counsel had given him mistaken advice, it was not reasonable, based upon the information provided at the plea hearing, for Movant to believe that he would receive probation at the

time he entered his guilty plea. Accordingly, relief on this ground is denied.

This appeal timely followed the entry of that order.

## Analysis

▪ "Movant must satisfy the two-pronged **Strickland** test for ineffective assistance of counsel in order to be entitled to relief." **Randle v. State**, 473 S.W.3d 221, 224 (Mo. App. E.D. 2015); see **Strickland v. Washington**, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The first requirement is to show that defense counsel "failed to exercise the skill and diligence a reasonably competent attorney would exercise in similar circumstances." **Randle**, 473 S.W.3d at 224 (citing **Strickland**, 466 U.S. at 687, 104 S.Ct. 2052).

Following a guilty plea, the ineffectiveness inquiry is limited to whether counsel's actions impinged on the movant's ability to enter a knowing and voluntary plea. State v. Roll, 942 S.W.2d 370, 375 (Mo. banc 1997). Mistaken beliefs about sentencing affect a defendant's ability to knowingly enter a guilty plea if the mistake is reasonable and the mistake is based upon a positive representation upon which the movant is entitled to rely.

**Dobbins v. State**, 187 S.W.3d 865, 866-67 (Mo. banc 2006).

▪ "If Movant shows counsel's performance did not meet the required level of skill, Movant must then demonstrate he was prejudiced by counsel's failure." **Randle**, 473 S.W.3d at 224. Ordinarily in cases of guilty pleas, a movant " 'must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.' " **Id.** (quoting **Hill v. Lockhart**, 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985)).

▪ In support of his point, Movant acknowledges that, generally, the possibili-

ty of probation is a collateral consequence of a guilty plea such that counsel does not provide ineffective assistance by failing to inform a defendant about such a possibility. *See Brown v. State*, 67 S.W.3d 708, 711 (Mo. App. E.D. 2002). But, as he also argues, "[i]ncorrect advice from counsel regarding collateral consequences of conviction can render a defendant's plea involuntary." *Scott v. State*, 414 S.W.3d 57, 60 (Mo. App. W.D. 2013). Indeed, such "incorrect advice may rise to the level of constitutionally ineffective assistance of counsel." *Savage v. State*, 114 S.W.3d 455, 458 (Mo. App. E.D. 2003).

■ In such circumstances, "Movant must show that his reliance upon counsel's alleged misrepresentation was objectively reasonable." *Westergaard v. State*, 436 S.W.3d 593, 598 (Mo. App. E.D. 2014). Thus, mistaken advice by defense counsel that renders a plea involuntary does not comport with the skill and diligence of reasonably competent counsel in protecting his client's interests, and a client's reasonable reliance on such mistaken advice demonstrates the necessary prejudice. *Cf. Dobbins*, 187 S.W.3d at 866 ("counsel was ineffective in affirmatively misleading Dobbins as to the applicability of section 558.046 [regarding reduction of a sentence] and … this ineffectiveness prejudiced him" by causing him to enter an open plea).

■ The State contends that Movant "did not reasonably rely on [plea] counsel's erroneous advice in pleading guilty" because the felony information put Movant on notice that "if found guilty [Movant] is not eligible for probation[,]" and his plea petition acknowledged his receipt and discussion of the charge with plea counsel. The flaw in the State's argument is that the motion court did not find that Movant's reliance was upon mistaken advice about his *eligibility* for probation, it found that

"it was not reasonable … for Movant to believe that he would *receive* probation at the time he entered his guilty plea." (Emphasis added.)

■ Moreover, we are unable to consider the State's position as an alternative, correct basis for affirming the ruling, *see Swallow*, 398 S.W.3d at 3, as there are no factual findings by the motion court that would support the conclusion that Movant did not reasonably rely on plea counsel's advice regarding Movant's eligibility for probation. "[T]he rule that findings will be implied as consistent with the judgment has no application in post-conviction cases." *Haskett*, 152 S.W.3d at 910. We are particularly reluctant to presume that a factual finding would be consistent with the ruling made when such a presumption rests upon a credibility determination. *Cf. id.* at 910-11 (the omitted finding could not be declared as a matter of law but instead dealt "solely with a credibility issue"). Here, the motion court identified some of the hearing testimony, but it made no factual findings regarding Movant's beliefs about his eligibility for probation, and the motion court did not address the particular parts of the information and plea petition that the State's argument relies upon as supporting its view.

Movant's point is granted insofar as it alleges clear error in the basis given for the motion court's order. The cause is reversed and remanded with instructions that the motion court make the necessary additional findings and rulings identified in this opinion.

JEFFREY W. BATES, P.J.—CONCURS

MARY W. SHEFFIELD, C.J.—CONCURS