Philip M. Hess, Judge
Introduction
Keith L. Welch appeals the denial of his Rule 24.035[1] motion for post-conviction relief without an evidentiary hearing. Welch's sole point on appeal is his plea counsel was ineffective for leading him to believe he could receive 120-days' shock incarceration or treatment under § 559.115[2] or a minimum of five years' imprisonment when neither was a possibility under Missouri law given the nature of his convictions. The motion court denied the motion without an evidentiary hearing, finding Welch's claims were refuted by the record. Specifically, the motion court found Welch's claims "without merit because movant understood the sentences he was to receive were up to the Court, he understood at the time of his guilty pleas that the range of punishment was ten to thirty years or life, the statement regarding the possibility of five years did not occur until sentencing, long after the pleas were accepted, and movant made no complaint to the Court after being sentenced that he had been misled by counsel." While the motion court made specific findings about Welch's claim that plea counsel told him he would be eligible for a minimum five-year sentence, the motion court made no specific findings addressing Welch's claim that plea counsel was ineffective for advising him he could be sentenced to a 120-day shock or treatment program. Because the motion court failed to issue findings of facts and conclusions of law on that issue, we reverse and remand for the motion court to enter findings of fact and conclusions of law on that issue. We affirm the motion court's judgment with regard to Welch's claim that plea counsel was ineffective for telling him he would be eligible for a minimum five-year sentence.
Factual and Procedural Background
In 2013, a City of St. Louis grand jury charged Welch with one count of first-degree *90 statutory rape and one count of first-degree statutory sodomy arising out of Welch having sexual intercourse with a child less than twelve years old on or about August 23, 2013. Welch entered a guilty plea to both charges and was sentenced to concurrent terms of twenty-five years' imprisonment on each count.
At his plea hearing, the State informed the court the range of punishment was ten years to life imprisonment. The State advised the court there were no restrictions on probation or parole but both offenses carried lifetime supervision requirements. The court asked if probation was a possibility and the State said yes. Welch indicated he understood the minimum sentence he could get was ten years, and his maximum sentence could be thirty years to life imprisonment on each count. The court then asked the State if it was possible for Welch to get a suspended execution of sentence, and the State responded it was.
The court told Welch it was possible he could get probation, and if he received probation and successfully completed it, he would not have to go to prison. The court asked Welch if he had any questions about the range of punishment, and he said no. The court asked Welch if he had any questions about anything relating to the possible sentences, and he said no. The court asked Welch if he understood that by pleading guilty without a plea agreement, he was leaving it up to the court to decide what his sentence would be, and Welch said yes. The court told Welch if anyone told him they knew what sentence he would get from the court, they would be wrong, and Welch said he understood. Welch indicated no one had made any promises to him about what his sentence would be, or any other kind of promise he relied on in making his decision to plead guilty. Welch acknowledged he understood that if he entered his plea and the court accepted it, he could not take it back later if he did not like the sentence he received. Welch confirmed he went over the range of punishment with his attorney and understood what the range of punishment was for the charges. He indicated his attorney did everything he wanted him to do.
At the sentencing hearing, the court went over portions of the sentencing assessment report on the record. The court noted the report reflected that "just under six percent get probation" "for this offense," "[a]nd the only other alternative besides probation, shock or treatment, is apparently not a permitted sentence because, I believe, under the law if the Defendant does get a sentence, it has to be served 85 percent of it before the Defendant is eligible for parole, and is not eligible for probation." The court asked plea counsel if he believed anything in the report was a mistake, and the only issue plea counsel raised was the investigator's impression of Welch's remorse for committing the crimes. Plea counsel indicated he discussed the report with Welch, and Welch was given an opportunity to address the court. Welch indicated he reviewed the report with his attorney and the only issue he had was the investigator's impression of him. Plea counsel took no other issues with the report and requested the court give Welch the minimum sentence, which he indicated he thought was five years. The State and the court both corrected plea counsel and told him it was ten. Plea counsel agreed and said he misspoke.
Plea counsel also requested the court consider probation. The court told Welch it could not consider the minimum sentence or probation in this case. The court sentenced Welch to two concurrent terms of twenty-five years' imprisonment. The court then inquired with Welch about the representation he received from his counsel.
*91 Welch told the court he was comfortable with counsel remaining in the room while he answered the questions. Welch testified he had no complaints about his counsel, that there was nothing he thought his attorney had done or should have done that he did not do, and when asked about his belief on the effectiveness of counsel, he said, "I think he did his job. He came in for me and did what he's supposed to do, I thank him."
Welch did not file a direct appeal. Welch timely filed his pro se motion for post-conviction relief. Counsel entered an appearance on Welch's behalf and timely filed an amended motion. In his amended motion, Welch alleged "plea counsel was ineffective for advising Movant ... that Movant potentially could be sentenced to a 120-day shock or treatment program in the Missouri Department of Corrections ('MDOC'), or a minimum sentence of five years in MDOC." Welch asserted that "[a]lthough plea counsel did not promise that result, plea counsel advised Movant that he had a good possibility of receiving either placement in a 120-day shock or treatment program, or a minimum sentence of five years in MDOC, when, in fact, neither was a possibility."
Welch alleged that if granted an evidentiary hearing, he would "testify that plea counsel told Movant that he would ask for the court to give Movant 120-days shock incarceration in the Missouri Department of Corrections," "that plea counsel advised Movant that he believed Movant had a good chance at getting sentenced to a 120-day program," and "that he pleaded guilty with the hope that he would be sentenced to a 120-day program, and that he was never told that such an outcome was not only unlikely, but also not possible under Missouri law." Welch alleged he would "testify that, but for plea counsel's erroneous advice regarding potential sentencing outcomes, he would not have pleaded guilty, but would have proceeded to trial."
The motion court found Welch's claim "without merit because movant understood the sentences he was to receive were up to the Court, he understood at the time of his guilty pleas that the range of punishment was ten to thirty years or life, the statement regarding the possibility of five years did not occur until sentencing, long after the pleas were accepted, and movant made no complaint to the Court after being sentenced that he had been misled by counsel." The motion court made no specific findings addressing Welch's claim that plea counsel was ineffective for advising him he could potentially could be sentenced to a 120-day shock or treatment program. The court did generally find that Welch's claims were refuted by the record and that Welch had failed to plead facts not refuted by the record, which, if true, would entitle Welch to relief. This appeal follows.
Standard of Review
Appellate review of the denial of a Rule 24.035 motion is limited to a determination of whether the motion court's findings, conclusions, and judgment are clearly erroneous. Taylor v. State , 456 S.W.3d 528, 533 (Mo. App. E.D. 2015) (citing Wooldridge v. State , 239 S.W.3d 151, 153-54 (Mo. App. E.D. 2007) ). Findings and conclusions are clearly erroneous if, after a review of the entire record, we are left with the definite and firm impression a mistake has been made. Taylor , 456 S.W.3d at 533. We presume that the motion court's findings are correct. Id. After a guilty plea, our review is limited to a determination of whether the movant's plea was knowing and voluntary. Id. (citing Loudermilk v. State , 973 S.W.2d 551, 553 (Mo. App. E.D. 1998) ).
*92 An evidentiary hearing is not required on every Rule 24.035 motion. See Rule 24.035(h). To be entitled to an evidentiary hearing, a movant must: (1) allege facts, not conclusions, which if true, would warrant relief; (2) these facts must raise matters not refuted by the record and files in the case; and (3) the matters complained of must have resulted in prejudice to the movant. Barnett v. State , 103 S.W.3d 765, 769 (Mo. banc 2003) (citing State v. Brooks , 960 S.W.2d 479, 497 (Mo. banc 1997) ). Where a movant alleges ineffective assistance of counsel following a guilty plea and an examination of the guilty plea proceedings directly refutes that movant's plea was involuntary, movant is not entitled to an evidentiary hearing. Taylor , 456 S.W.3d at 533.
"The court shall issue findings of fact and conclusions of law on all issues presented, whether or not a hearing is held." Rule 24.035(j). " 'Generally, the failure to make findings as to all issues requires remand for supplementation of the record.' " Straub v. State , 523 S.W.3d 602, 605 (Mo. App. S.D. 2017) (quoting Haskett v. State , 152 S.W.3d 906, 909, 911 (Mo. App. W.D. 2005) ). The findings of fact and conclusions of law must be sufficiently specific to allow meaningful appellate review. Barry v. State , 850 S.W.2d 348, 350 (Mo. banc 1993). Not every failure to enter a finding or conclusion for an issue requires reversal and remand. Mitchell v. State , 192 S.W.3d 507, 509 (Mo. App. E.D. 2006). Possible exceptions include: (1) no finding of fact is necessary where the only issue is one of law, but the court must still enter a conclusion of law; (2) no conclusion of law is necessary on an isolated issue overlooked by the motion court where it is clear the movant is entitled to no relief as a matter of law and will suffer no prejudice by being denied a remand; (3) if the court grants a hearing and the movant fails to present substantial evidence; (4) if the issues were not properly raised or are not cognizable in a post-conviction motion; and (5) if the motion itself is insufficient. Id.
Discussion
Welch claims the motion court erred in denying his Rule 24.035 motion without an evidentiary hearing because his plea counsel was ineffective for leading him to believe he could receive 120-days' shock incarceration or treatment under § 559.115 or a minimum of five years' imprisonment. The State argues the record refutes Welch's claims. The motion court found Welch's claims were refuted by the record. We conclude the motion court was not clearly erroneous in finding Welch's claim he believed he was eligible for a five-year sentence was refuted by the record. As to Welch's claim alleging he was misadvised about his eligibility for a 120-day shock or treatment program, we reverse and remand because the motion court did not make specific findings on this issue allowing for meaningful appellate review.
The two-pronged Strickland test is applied in cases where a movant claims post-conviction relief based upon ineffective assistance of trial counsel. See Strickland v. Washington , 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) ; Zink v. State , 278 S.W.3d 170, 175-76 (Mo. banc 2009). The movant must prove the following two elements by a preponderance of the evidence: (1) that counsel's performance did not conform to the degree of skill and diligence of a reasonably competent attorney; and (2) that as a result thereof, the movant was prejudiced. Zink , 278 S.W.3d at 175. The movant must overcome a strong presumption that counsel's performance was reasonable and effective to meet the first prong. Id. at 176.
In determining the first prong, counsel generally has no duty to inform a *93 defendant about collateral consequences of a guilty plea, such as eligibility for a 120-day program under § 559.115. Jones v. State , 516 S.W.3d 447, 450 (Mo. App. E.D. 2017). But incorrect advice from counsel regarding collateral consequences of conviction can render a defendant's plea involuntary and rise to the level of constitutionally ineffective assistance of counsel. Straub , 523 S.W.3d at 608-09. In such circumstances, a movant must show his reliance upon counsel's alleged misrepresentation was objectively reasonable. Id. at 609. Mistaken beliefs about sentencing affect a defendant's ability to knowingly enter a guilty plea if the mistake is reasonable and the mistake is based upon a positive representation upon which the movant is entitled to rely. Dobbins v. State , 187 S.W.3d 865, 866 (Mo. banc 2006). If a defendant is misled or induced to enter a plea of guilty by fraud, mistake, misapprehension, coercion duress or fear, then the defendant should be permitted to withdraw the plea. Id. at 867.
Under § 559.115.3, "[t]he court may recommend placement of an offender in a department of corrections one hundred twenty-day program...." "When the court recommends and receives placement of an offender in a department of corrections one hundred twenty-day program, the offender shall be released on probation if the department of corrections determines that the offender has successfully completed the program" subject to certain exceptions. § 559.115.3. Section 559.115.8 provides that "[n]otwithstanding any other provision of law, probation may not be granted pursuant to this section to offenders who have been convicted of ... statutory rape in the first degree pursuant to section 566.032 [and] statutory sodomy in the first degree pursuant to section 566.062[.]"
Here, we conclude the motion court was not clearly erroneous in finding Welch's claim he believed he was eligible for a five-year sentence was refuted by the record. At the plea hearing, Welch was informed the range of punishment was between ten years to life imprisonment. Welch acknowledged he understood the minimum sentence was ten years, and confirmed he went over the range of punishment with plea counsel. The motion court relied on this to find Welch "understood at the time of his guilty pleas that the range of punishment was ten to thirty years or life." While at the sentencing hearing, plea counsel indicated he thought the minimum sentence was five years, he was immediately corrected by the State and the court, and plea counsel admitted he misspoke. The motion court found that "the statement regarding the possibility of five years did not occur until sentencing, long after the pleas were accepted." These findings were not clearly erroneous and refute Welch's claim he reasonably believed the minimum sentence was five years.
As to Welch's claim that counsel was ineffective for leading him to believe he could receive a 120-day shock or treatment program, we find that this case must be remanded because the motion court did not make sufficient findings on this issue. Kramer , 136 S.W.3d at 89. While the court made general findings that Welch "understood the sentences he was to receive were up to the Court," and "movant made no complaint to the Court after being sentenced that he had been misled by counsel," these findings were made in the same sentence addressing Welch's five-year minimum sentence claim. There are no specific findings of fact or conclusions of law addressing the 120-day program issue. "To furnish the necessary findings and conclusions in this case would be to engage impermissibly in de novo review." Id. Because *94 we do not find any of the exceptions applicable to the general rule requiring reversal, see Mitchell , 192 S.W.3d at 509, we reverse and remand. On remand, the motion court shall enter findings of fact and conclusions of law sufficient to allow meaningful appellate review on Welch's claim that counsel was ineffective for leading him to believe he could receive a 120-day shock or treatment program. While we leave it to the discretion of the motion court as to whether to grant an evidentiary hearing on this issue, we note that given the record before us, a hearing on this issue would likely aid in meaningful appellate review. Welch's point is granted in part.
Conclusion
The motion court's judgment is affirmed in part, reversed in part, and remanded for proceedings consistent with this opinion.
Lisa P. Page, P.J. and Roy L. Richter, J. concur.

All rule citations are to the Missouri Supreme Court Rules (2017) unless otherwise indicated.

All statutory citations are to RSMo (2012) unless otherwise indicated.