**Darwin CONLEY, Movant,**

v.

**STATE of Missouri, Respondent.**

**No. 55120.**

Missouri Court of Appeals,
Eastern District,
Division One.

June 6, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 11, 1989.

Application to Transfer Denied
Sept. 12, 1989.

**864**

Valerian Clyde Cahill, St. Louis, for movant.

William L. Webster, Atty. Gen., Breck K. Burgess, Jared R. Cone, Asst. Attys. Gen., Jefferson City, for respondent.

CRANDALL, Presiding Judge.

Movant, Darwin Conley, appeals from the dismissal of his Rule 27.26 motion (repealed January 1, 1988) with prejudice for failure to prosecute. We affirm.

Movant was convicted, after a jury trial, of rape, kidnapping, robbery in the first degree, two counts of sodomy and two counts of armed criminal action. He was sentenced to a total of 115 years. Those convictions were affirmed on direct appeal. *State v. Conley,* 698 S.W.2d 542 (Mo.App. 1985). Movant then brought this Rule 27.-26 motion.

On the day this motion was set for an evidentiary hearing, movant was represented by counsel. He was incarcerated in the St. Louis County Jail, having been previously transported from the penitentiary for the purpose of the motion hearing. On the morning of the hearing, movant refused to leave his cell when correctional officers attempted to take him to court. Based upon that evidence, the motion court dismissed movant's motion with prejudice for failure to prosecute.

There is no federal constitutional requirement that a state provide a means of post-conviction review. *Day v. State,* 770 S.W.2d 692, 693 (Mo. banc 1989). Missouri has nonetheless provided for such. A proceeding for post-conviction relief is an independent civil proceeding governed by law applicable to civil cases. *Johns v. State,* 741 S.W.2d 771, 778 (Mo.App.1987). Control of the proceeding is within the sound discretion of the motion court. *Id.*

Rule 67.02 provides for involuntary dismissal for failure to prosecute. Rule 67.02 simply codifies an inherent power of the motion court which exists in absence of statute or rule. *Watkins Inv. Co. v. William B. Tanner Co.,* 684 S.W.2d 929, 937, (Mo.App.1985).

Movant had the burden of proof. When he refused to go forward with his evidence, the motion court clearly acted within its discretion in dismissing his motion for failure to prosecute pursuant to Rule 67.02, *supra.* In view of our holding, we do not address the merits of defendant's motion.

The judgment of the motion court is affirmed.

REINHARD and CRIST, JJ., concur.