Michael **FORISTER**, Movant/Appellant,

v.

**STATE of Missouri, Respondent.**

No. 62169.

Missouri Court of Appeals,
Eastern District,
Division One.

Feb. 23, 1993.

S. Paige Canfield, St. Louis, for movant/appellant.

William L. Webster, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent.

AHRENS, Presiding Judge.

Movant, Michael Forister, appeals from the dismissal with prejudice of his Rule 29.15 motion for postconviction relief. We affirm.

A jury convicted movant of one count of attempted robbery in the first degree, five counts of robbery in the first degree, and six counts of armed criminal action. Movant was sentenced to a total of seventy-five years' imprisonment. Subsequently, movant filed a Rule 29.15 motion for postconviction relief, which the trial court dismissed as untimely. On appeal, this court

affirmed movant's convictions but reversed the denial of movant's Rule 29.15 motion and remanded the matter to the motion court for further proceedings. *State v. Forister,* 823 S.W.2d 504 (Mo.App.1992).

On March 16, 1992, movant filed an amended Rule 29.15 motion and request for an evidentiary hearing. A hearing was scheduled for April 27, 1992. On April 7, 1992, movant filed a motion, through counsel, requesting that he not be brought into court for the hearing. The motion stated that movant did not wish to leave the Jefferson City Correctional Center and requested that neither defense counsel nor the court writ movant into court.

Movant's amended Rule 29.15 motion was called for hearing on May 1, 1992. The motion court was prepared to serve a writ of habeas corpus to bring movant into court, but did not do so because of movant's request. At the hearing, movant's counsel testified she had spoken with movant in person regarding movant's presence in court for the hearing on the motion, and he stated he did not wish to appear. At movant's request, a minister contacted counsel on two occasions to inform her movant did not wish to appear in court at the hearing. Counsel testified she attempted to convince movant to come to court and proceed with the motion, but he refused. Counsel further testified that after speaking with movant, she concluded he was "at peace with himself" in prison. An investigator assisting counsel in movant's case testified she agreed with counsel's testimony at the hearing. No evidence was adduced regarding the merits of movant's Rule 29.15 motion.

At the conclusion of the hearing, the state moved to dismiss the Rule 29.15 motion. Upon questioning by the court, movant's counsel stated she had no argument. On May 5, 1992, the court entered an order dismissing movant's Rule 29.15 motion, finding movant had withdrawn the matter.

On appeal, movant contends the motion court clearly erred by finding movant had withdrawn his Rule 29.15 motion and by failing to issue findings of fact and conclu-

sions of law in accordance with Rule 29.-15(i). Movant argues that because nothing in Rule 29.15 requires movant's presence at the evidentiary hearing, the motion court was without authority to find movant had withdrawn his motion simply because he refused to appear at the hearing. Movant alleges the motion court should have ruled that movant had merely withdrawn his request for an evidentiary hearing on the motion.

We find nothing to distinguish this case from *Conley v. State,* 774 S.W.2d 863 (Mo.App.1989), upon which the state relies.[1] In *Conley,* the movant refused to leave his cell when correctional officers attempted to take him to court for the evidentiary hearing on his motion for postconviction relief under former Rule 27.26 (repealed effective January 1, 1988). *Id.* at 864. Based upon that evidence, the motion court dismissed the movant's motion with prejudice for failure to prosecute. *Id.* On appeal, this court found that when the movant refused to go forward with evidence, the motion court clearly acted within its discretion in dismissing the motion pursuant to Rule 67.02. *Id.* In so holding, the court noted the movant had the burden of proof on his motion, and stated that control of proceedings for postconviction relief is within the sound discretion of the motion court. *Id.*

In this case, movant refused to appear in court and presented no evidence at the evidentiary hearing on his motion, despite defense counsel's attempts to convince him to appear and proceed. Under these circumstances, we find the motion court acted within its discretion in dismissing movant's motion for failure to prosecute.

The judgment of the motion court is affirmed.

REINHARD and CRIST, JJ., concur.

---

**1.** Although *Conley* was decided under former Rule 27.26, we find no difference between Rules

27.26 and 29.15 which would call for a different result under the circumstances of this case.