**Michael TEER, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. ED 78371.**

Missouri Court of Appeals,
Eastern District,
Division One.

May 29, 2001.

Lisa M. Stroup, Asst. Public Defender, St. Louis, MO, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Karen L. Kramer, Asst. Atty. Gen., Jefferson City, MO, for respondent.

ROBERT G. DOWD, Jr., Judge.

Michael Teer (Teer) appeals from the denial of a motion to set aside the dismiss-

---

**1.** All statutory references are to RSMo (2000), unless otherwise indicated.

al of his Rule 29.15 motion for post-conviction relief and to enter findings of fact and conclusions of law. We reverse and remand.

Teer was convicted of four counts of involuntary manslaughter, Section 565.024, RSMo 2000, and one count of assault in the second degree, Section 565.060, RSMo 2000. The jury recommended ten months in the county jail for the four counts of involuntary manslaughter and eight months in the county jail for the one count of second-degree assault. At the sentencing hearing, the trial court found Teer to be a prior offender and sentenced him to four years' imprisonment on each count to be served consecutively. Teer appealed and this court affirmed his convictions and sentence. *State v. Teer,* 959 S.W.2d 930 (Mo.App. E.D.1998).

Teer timely filed a pro se Rule 29.15 motion for post-conviction relief on May 11, 1998. Counsel was appointed on May 15, 1998. On June 4, 1998, counsel made an entry of appearance and requested additional time to file an amended motion, which was granted by the motion court. On November 12, 1998, new counsel made an entry of appearance and a motion to withdraw original counsel. On August 4, 1999, new counsel filed the First Amended Motion to Correct Judgment and Sentence and Request for an Evidentiary Hearing. On June 13, 2000, the motion court, on its own motion, dismissed Teer's case without prejudice "in accordance with local court rules." Teer's counsel filed a motion to set aside the dismissal order and enter findings of fact and conclusions of law. The motion court denied the motion. Teer now appeals from the denial of his motion to set aside the dismissal order and enter findings of fact and conclusions of law.

■ Rule 29.15(j) states that the motion court "shall issue findings of fact and conclusions of law on all issues presented, whether or not a hearing is held." Under Rule 29.15(j), when the motion court denies post-conviction relief, it is required to enter findings of fact and conclusions of law and this directive is not a mere formality. *Crews v. State,* 7 S.W.3d 563, 567 (Mo.App. E.D.1999). The absence of findings and conclusions giving the basis of the motion court's action leaves an appellate court in the dark as to the reasons for the motion court's action and presents nothing of substance to review. *Id.*

■ Here, the motion court did not deny Teer's motion, but rather the motion court, on its own motion, dismissed Teer's motion "in accordance with local rules." We find nothing in the record before us to support the dismissal of Teer's motion. Regardless, the motion court must make findings of fact and conclusions of law. Without findings of fact and conclusions of law, this court has nothing to review.

The motion court erred in denying Teer's motion to set aside the dismissal and to enter findings of fact and conclusions of law. The case is reversed and remanded for a determination of whether Teer is entitled to an evidentiary hearing on his motion and for the motion court to enter findings of fact and conclusions of law, whether or not a hearing is held.[1]

MARY RHODES RUSSELL, J., and RICHARD B. TEITELMAN, J., concur.

---

1. We note Teer's first amended motion was not filed until August 4, 1999. Although the minutes indicate that counsel was appointed on May 15, 1998, the minutes do not reflect

when the transcript was filed. There may be an issue of abandonment by counsel as indicated by *Sanders v. State,* 807 S.W.2d 493 (Mo. banc 1991).