

# In the Missouri Court of Appeals
# Eastern District

## DIVISION FOUR

IVAN MITCHELL,                   )         No. ED104244

                                       )

          Appellant,            )         Appeal from the Circuit Court

                                         )         of the City of St. Louis

vs.                                       )

                                       )         Honorable Mark H. Neill

STATE OF MISSOURI,          )

                                       )

          Respondent.          )         FILED: February 7, 2017

## Introduction

Ivan Mitchell ("Mitchell") appeals the motion court's denial of his amended Rule 24.035[1] motion without an evidentiary hearing. On appeal, Mitchell argues that the motion court clearly erred for two reasons. First, Mitchell asserts that the motion court failed to issue the mandatory findings of fact and conclusions of law on his claim that the State violated Brady v. Maryland.[2] Alternatively, Mitchell contends that the motion court improperly denied him an evidentiary hearing on his claim for ineffective assistance of counsel because he pleaded facts, not refuted by the record, that entitled him to post-conviction relief. Mitchell's claim for relief due to the alleged Brady violation is not cognizable in this post-conviction proceeding because Mitchell

---

[1] All rule references are to Mo. R. Crim. P. (2016).
[2] 373 U.S. 83 (1963).

was aware of the alleged non-disclosure of evidence before he entered his guilty plea. Because Mitchell's pleaded allegations of ineffective assistance of counsel are directly refuted by the record, we affirm the motion court's judgment.

Factual and Procedural History

The State charged Mitchell with two felonies—first-degree murder and armed criminal action—for allegedly shooting a victim to death in a bar. Mitchell indicated a willingness to plead guilty to these charges pursuant to an agreement with the State. Under the plea agreement, the State would reduce the murder charge from first-degree to second-degree and recommend concurrent life terms in prison *with* the possibility of parole. A first-degree murder conviction carries the possibility of a life sentence without parole. The plea court held a hearing.

At the hearing, the plea court questioned Mitchell about the voluntariness of his plea. Mitchell stated that he understood the terms of the plea agreement. Mitchell told the plea court that he had enough time with plea counsel to discuss the charges and review the evidence. The plea court then outlined Mitchell's trial rights. Mitchell acknowledged that he was waiving those rights by pleading guilty. Mitchell stated that he had discussed a mistaken-identity defense with plea counsel, but had no viable defense due to the incriminating statement he made during a police interrogation. Mitchell estimated that he had met with plea counsel four or five times concerning his case. According to Mitchell, plea counsel answered all of his questions and did everything Mitchell asked. After Mitchell said that he was voluntarily pleading guilty, the prosecutor read the factual basis for the plea. Mitchell did not dispute the factual basis, and the plea court accepted Mitchell's plea.

At Mitchell's subsequent sentencing hearing, the plea court sentenced Mitchell according to the terms of the plea agreement. The plea court then inquired into plea counsel's effectiveness. Mitchell, as he had done during his plea hearing, reported no complaints about his

2

plea counsel's representation of him. Again, Mitchell stated that plea counsel had answered all of his questions and had done everything he had asked. The plea court found no probable cause to believe that Mitchell had received ineffective assistance of counsel.

Mitchell filed a timely amended motion under Rule 24.035. The motion alleged two grounds (relevant to this appeal) for post-conviction relief.

First, Mitchell alleged that plea counsel was ineffective for failing to investigate and request from the State a recorded video of an interrogation in which Mitchell allegedly invoked his right to counsel. The alleged video, the motion claimed, was taken at some point *before* a subsequent interrogation in which Mitchell gave an incriminating statement. In the motion, Mitchell asserted that he had invoked his right to counsel during the first interrogation, the police terminated that interrogation, and then police later interrogated him a second time, during which he made the incriminating statement. Mitchell alleged that he received the video of the second interrogation containing the incriminating statement, but never received video of the first interrogation, in which he invoked his right to counsel. In his motion, Mitchell avers that he told plea counsel of the initial interrogation, but that plea counsel failed to file for additional discovery. But for plea counsel's ineffectiveness, the motion averred that there would have been a reasonable chance of suppressing the incriminating statement Mitchell made during the second videotaped interrogation.

Second, Mitchell alleged in the alternative that he was entitled to post-conviction relief because the State committed a Brady violation by failing to disclose the video of the first interrogation.[3] Mitchell further pleaded that "information about the first interview and his request for counsel was necessary" to support a motion to suppress his statements. Mitchell

---

[3] Under Brady v. Maryland, 373 U.S. 83, 87 (1963), the Constitution requires the State to disclose evidence in its possession that is favorable to the defendant and material to guilt or punishment.

3

asserted that he "was prejudiced because he did not receive this discoverable evidence ... and was not able to review the video in order to file a pre-trial motion to suppress his statements based on his request for counsel [in the first interrogation]."

Without holding an evidentiary hearing, the motion court entered findings of fact and conclusions of law denying Mitchell's amended Rule 24.035 motion. Addressing the ineffective-assistance claim, the motion court found that Mitchell had repeatedly assured the plea court, during both the plea and sentencing hearings, that his counsel had done everything asked of him. Further, the motion court found that plea counsel had sufficiently discussed the case with Mitchell. The motion court noted that while Mitchell "claims he told his attorney about the first interview and asked his attorney to get any notes or recording[s] of the interview," Mitchell twice informed the plea court that he had no complaints against his plea counsel. Because Mitchell testified that he had no complaints with plea counsel, the motion court concluded that the ineffective-assistance claim was without merit. The motion court's findings and conclusions did not specifically address Mitchell's alternate Brady claim.

With leave of this Court, Mitchell subsequently filed a late notice of appeal. This appeal follows.

### Points on Appeal

Mitchell raises two points on appeal, both asserting that the motion court clearly erred by denying his Rule 24.035 amended motion without an evidentiary hearing. In Point One, Mitchell contends that the motion court improperly denied relief based upon his Brady claim without issuing specific findings of fact and conclusions of law addressing that claim. In Point Two, Mitchell asserts that he pleaded facts (not conclusions), which the record did not refute, entitling him to post-conviction relief because plea counsel was ineffective. Specifically, Mitchell maintains that the facts pleaded, if proved, would demonstrate that plea counsel failed to

4

investigate and request the first interrogation video and that Mitchell was prejudiced because of plea counsel's failure.

Standard of Review

A motion court's findings of fact and conclusions of law are presumptively correct. Wilson v. State, 813 S.W.2d 833, 835 (Mo. banc 1991). Thus, appellate review of post-conviction motions is limited to whether the motion court's findings and conclusions are "clearly erroneous." Morrow v. State, 21 S.W.3d 819, 822 (Mo. banc 2000); Rule 24.035(k). We find clear error only if, after a full review of the record, we are under the definite and firm impression that the motion court made a mistake. Morrow, 21 S.W.3d at 822. In our review, we view the record in the light most favorable to the motion court's findings and conclusions. Smith v. State, 443 S.W.3d 730, 733 (Mo. App. S.D. 2014).

Further, a movant must meet three requirements to be entitled to an evidentiary hearing on a post-conviction motion. Morrow, 21 S.W.3d at 822–23. First, the motion must allege facts, not conclusions, warranting relief. Id. Second, the facts alleged must raise matters not refuted by the files and records in the case. Id. Third, the matters complained of must prejudice the movant. Id.

Discussion

## I.    Point One—Brady Claim

In his first point, Mitchell requests reversal because the motion court, in its written findings and conclusions, did not address his Brady claim.

Rule 24.035(j) requires motion courts to "issue findings of fact and conclusions of law on all issues presented, whether or not a hearing is held." This requirement exists because Rule 24.035(k) limits our review to whether the findings and conclusions are clearly erroneous. Accordingly, the findings and conclusions must be sufficiently specific for this Court to conduct

5

a meaningful review. Melton v. State, 260 S.W.3d 882, 886 (Mo. App. E.D. 2008). Were this Court to furnish our own findings of fact and conclusions of law, we would be engaging in de novo review, which is not permitted under Rule 24.035(k). Muhammad v. State, 320 S.W.3d 727, 729 (Mo. App. E.D. 2010).

We agree with Mitchell that the motion court did not address the Brady claim in its judgment. In fact, the motion court made no factual findings regarding the conduct of the prosecutor's office, nor any legal conclusions applying the Brady standard. Thus, the motion court's findings and conclusions are insufficient under Rule 24.035(j) and would normally warrant a remand with instructions to enter the required findings of fact and conclusions of law.

However, Missouri courts recognize certain situations where remand is not required even though the motion court fails to address an issue and enter factual findings. Muhammad, 320 S.W.3d at 729. A remand for findings of facts is not required in the following circumstances:

(1) no finding of fact is necessary where the only issue is one of law, but the court must still enter a conclusion of law;

(2) an appellate court will not order a useless remand to direct the court to issue a proper conclusion of law on an isolated issue where it is clear that the movant is entitled to no relief as a matter of law and will suffer no prejudice by denying a remand;

(3) findings and conclusions are not required on an allegation if the court grants a hearing on the motion and the movant fails to present substantial evidence at the hearing to support that allegation;

(4) findings and conclusions are not required for issues that were not properly raised or are not cognizable in a post-conviction motion; and,

(5) reversal is not required if the motion itself was insufficient.

White v. State, 57 S.W.3d 341, 343 (Mo. App. E.D. 2001) (citing Crews v. State, 7 S.W.3d 563, 568 (Mo. App. E.D. 1999)). Mitchell asserts, without any further discussion, that "no exception

6

applies here." The State counters that Mitchell's Brady claim is not cognizable under the fourth exception above.

To be cognizable in a Rule 24.035 proceeding, an alleged disclosure violation must both (1) attain constitutional significance (i.e. meet the Brady requirements), *and* (2) be of such a nature that the claim could not have been raised before the Rule 24.035 motion. Wallar v. State, 403 S.W.3d 698, 707 (Mo. App. W.D. 2013). Critically, under the second prong, a Brady claim introduced in a Rule 24.035 motion must "involve evidence the defense was not aware of that was of such significance that the defendant could credibly demonstrate that he would not have pled guilty, but would have insisted on going to trial, had he been aware of it." Id. at 705 n.5.

Mitchell's Brady claim was based on the prosecution's failure to disclose the alleged first interrogation video, which purportedly showed Mitchell invoking his right to counsel. This evidence, Mitchell contends, would have allowed him to successfully suppress the video of his later interrogation in which he made an incriminating statement.[4]

However, the plain language of Mitchell's motion acknowledges that Mitchell was aware of the alleged non-disclosed evidence from the first interrogation *before* he entered a plea of guilty. Mitchell's amended motion states: "Movant will testify that he **told plea counsel about the first interview and asked plea counsel to file a motion for discovery** and get any notes or recording[s] about it. Movant will testify that plea counsel did not file any additional discovery motion[s] about the first interview." (Emphasis added.) Had plea counsel obtained the video, Mitchell reasons that he could have suppressed his incriminating statements. By Mitchell's own allegation, he and plea counsel were aware of the alleged first interrogation before his guilty

---

[4] See Edwards v. Arizona, 451 U.S. 477, 484–85 (1981) (police must terminate an interrogation when the accused requests counsel; they cannot resume an interrogation unless an attorney is present or the accused himself initiates further communication, exchanges, or conversations with police).

7

plea. Mitchell contends that he even directed plea counsel to seek discovery of any recording of the interrogation prior to entering his plea. Given these allegations, Mitchell could have raised the Brady claim—asserting that the State improperly withheld discovery of the first-interrogation video—with the trial court before he pleaded guilty and, consequently, before his Rule 24.035 motion. See Wallar, 403 S.W.3d at 707. Because Mitchell's Brady claim could have been raised prior to filing his Rule 24.035 motion, his claim is not cognizable in a post-conviction relief setting. Id.

Because Mitchell's Brady claim was not cognizable, any findings of fact and conclusions of law addressing that claim were unnecessary under the fourth exception stated in White, 57 S.W.3d at 343. Accordingly, the trial court did not clearly err by failing to issue findings and conclusions relating to Mitchell's Brady claim. Point One is denied.

## II. Point Two—Ineffective Investigation

In his second point, Mitchell argues that his amended motion pleaded sufficient facts entitling him to an evidentiary hearing. Specifically, Mitchell posits that his amended motion pled facts, not refuted by the record, that would prove plea counsel's ineffectiveness for failing to investigate and obtain the alleged first-interrogation video.

When asserted in connection with a plea, ineffective assistance of counsel is material only to the extent that counsel's performance affected the voluntariness and knowledge with which the plea was entered. State v. Roll, 942 S.W.2d 370, 375 (Mo. banc 1997). We evaluate ineffective-assistance claims relating to guilty pleas under the familiar two-prong test established in Strickland v. Washington, 466 U.S. 668 (1984). Hill v. Lockhart, 474 U.S. 52, 58 (1985).

First—under the performance prong of Strickland—plea counsel's representation must fall below the "range of competence" for attorneys in criminal cases. Hill, 474 U.S. at 56, 58. A movant seeking to set aside a guilty plea must demonstrate that counsel's representation fell

8

below an objective standard of reasonableness. Roberts v. State, 276 S.W.3d 833, 836 (Mo. banc 2009). We presume that counsel's performance was effective and counsel's decisions were strategic. McLaughlin v. State, 378 S.W.3d 328, 337 (Mo. banc 2012).

Second—under the prejudice prong of Strickland—the movant must demonstrate that there is "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill, 474 U.S. at 59; Stanley v. State, 420 S.W.3d 532, 544 (Mo. banc 2014). "No hearing is required in the absence of allegations showing prejudice." Stanley, 420 S.W.3d at 544 (quoting Coates v. State, 939 S.W.2d 912, 914 (Mo. banc 1997)). If it is evident that we can dispose of a claim for lack of Strickland prejudice, we need not address whether counsel's performance was deficient. Johnson v. State, 407 S.W.3d 63, 71 (Mo. App. W.D. 2013) (citing Taylor v. State, 382 S.W.3d 78, 81 (Mo. banc 2012)). Mitchell's motion did not allege the required prejudice.[5]

Here, Mitchell has the burden to allege facts in his motion that warrant post-conviction relief. Morrow, 21 S.W.3d at 823. Mitchell's motion, therefore, must allege facts supporting the requisite prejudice prong for a Rule 24.035 motion: but for plea counsel's alleged ineffectiveness in failing to investigate and obtain the first interrogation video, Mitchell would not have pleaded guilty and would have instead demanded a trial. Stanley, 420 S.W.3d at 544. Mitchell makes no

---

[5] In any event, we also question Mitchell's arguments under the performance prong. "A defendant who repeatedly assures the court at his guilty-plea hearing that he is satisfied with his counsel's performance and believes his counsel has done everything defendant requested is barred from obtaining post-conviction relief based on ineffective assistance of counsel." Wharton v. State, 431 S.W.3d 1, 7 (Mo. App. E.D. 2014). Despite Mitchell's contention that he asked plea counsel to investigate recordings of the first interrogation and that plea counsel failed to do so, Mitchell repeatedly testified at both his plea and sentencing hearings that he had no complaints with plea counsel and that plea counsel had done everything he had asked. Mitchell's repeated testimony appears to refute the allegations relating to the purported first interview that he raised for the first time in his motion. See Morrow, 21 S.W.3d at 823 (no evidentiary hearing is required when the record refutes the matters alleged in the post-conviction motion).

such allegation, rendering his motion insufficient on its face to warrant relief or to require an evidentiary hearing. Mitchell's attempt to assert Strickland prejudice states:

> Movant was prejudiced because he did not receive this discoverable evidence prior to trial and was not able to review the video in order to file a pre-trial motion to suppress his statements based on his request for counsel.

> Had trial counsel not failed to investigate and request any police reports and recordings of his first interview with detectives, **Movant would have had a reasonable chance of having his statement suppressed based on his request of counsel.** (Emphasis added.)

The facts alleged in Mitchell's statement do not amount to Strickland prejudice. Mitchell's allegation that he would have had a reasonable chance of winning a motion to suppress does not meet the Strickland requirement for prejudice. Instead, it was incumbent upon Mitchell to assert that, but for plea counsel's ineffectiveness, *he would have* rejected the plea agreement with the State, declined to plead guilty, and demanded a trial. Mitchell simply did not make this allegation.[6]

Further, Mitchell never described the incriminating statement made during the second interrogation or mentioned what other evidence the State possessed to prove his guilt. For example, Mitchell argued in a different post-conviction claim not raised on appeal that plea counsel told Mitchell that he would lose at trial "because of the bar's surveillance videos, his recorded statements and the witnesses' proposed testimony." Even assuming Mitchell could have persuaded the trial court to suppress his incriminating statement—the contents of which were not pleaded—other evidence of Mitchell's guilt might have been sufficiently damaging to

---

[6] On appeal, Mitchell's brief attempts to bridge the gap on prejudice by stating: "But for counsel's failure to investigate, there is a reasonable probability that counsel would have filed a meritorious motion to suppress Mr. Mitchell's incriminating statements, **which the trial court would have granted, and that due to the court's ruling, Mr. Mitchell would have proceeded to trial.**" (Emphasis Added.) Critically, Mitchell's motion did not assert the bolded portion. Even on appeal, Mitchell implies, but fails to specifically allege that he would have rejected his plea agreement if counsel had obtained discovery of the alleged first interrogation video.

10

persuade Mitchell to accept the plea agreement. Thus, Mitchell failed to adequately allege facts that, if true, would explain why he would have rejected the plea agreement and demanded a trial.

Because Mitchell did not allege facts sufficient to support the prejudice prong of Strickland, his Rule 24.035 motion did not warrant relief on its face. Thus, the motion court did not clearly err in denying the motion without an evidentiary hearing. Point Two is denied.

## Conclusion

The judgment of the motion court denying Mitchell's amended Rule 24.035 motion without an evidentiary hearing is affirmed.

_____
KURT S. ODENWALD, Judge

James M. Dowd, P.J., concurs.
Gary M. Gaertner, Jr., J., concurs.

11