

# In the
# Missouri Court of Appeals
## Western District

| | | |
|---|---|---|
| **DAVID J. ESCALONA,** | ) | |
| | ) | |
| **Appellant,** | ) | **WD86319** |
| | ) | |
| **V.** | ) | **OPINION FILED:** |
| | ) | **JUNE 25, 2024** |
| **STATE OF MISSOURI,** | ) | |
| | ) | |
| **Respondent.** | ) | |

**Appeal from the Circuit Court of Lafayette County, Missouri**
The Honorable Dennis A. Rolf, Judge

Before Division Three:  Cynthia L. Martin, Presiding Judge, Mark D. Pfeiffer, Judge and
Edward R. Ardini, Jr., Judge

David Escalona ("Escalona") appeals from the motion court's judgment dismissing his Rule 29.15[1] post-conviction motion.  Escalona argues on appeal that the motion court clearly erred by dismissing his post-conviction motion for failure to appear without issuing findings of fact and conclusions of law as required by Rule 29.15(j), which deprived him of meaningful appellate review.  The State concedes and joins Escalona's request for reversal of the motion court's judgment and for remand.  We reverse and remand for further proceedings consistent with this Opinion.

---

[1]All Rule references are to the Missouri Court Rules in effect at the time Escalona's *pro se* motion was filed unless otherwise noted.

## Factual and Procedural Background[2]

Escalona was convicted after a bench trial of the class D felony of possession of a controlled substance in violation of section 579.015,[3] and of the class E felony of failure to appear in violation of section 544.665. He was sentenced to five years and three years respectively, to run consecutively. Escalona's convictions were affirmed on direct appeal by this Court. *State v. Escalona*, 619 S.W.3d 612 (Mo. App. W.D. 2021).

Escalona filed a timely *pro se* Rule 29.15 motion on May 25, 2021. The motion court appointed post-conviction counsel and granted a thirty-day extension to file an amended motion on the same day. Escalona's counsel requested and was granted a second thirty-day extension and filed his amended motion on September 22, 2021 ("Amended Motion"). The Amended Motion alleged that trial counsel was ineffective: (1) in failing to specifically request dismissal of Count II; (2) in failing to investigate and obtain Escalona's medical records for admission at trial; and (3) in failing to file and litigate, prior to trial, a motion to suppress the evidence obtained as a result of the stop of Escalona's vehicle without probable cause or reasonable suspicion.

The Amended Motion was scheduled for an evidentiary hearing on February 7, 2023. Escalona's counsel appeared for the hearing and announced she was ready to

---

[2]"On appeal from the motion court's denial of a Rule 29.15 motion, we review the facts in the light most favorable to the underlying criminal conviction as those facts bear upon the motion court's judgment." *Libeer v. State*, 686 S.W.3d 309, 311 n.1 (Mo. App. W.D. 2024) (quoting *Morrison v. State*, 619 S.W.3d 605, 607 n.1 (Mo. App. W.D. 2021)).

[3]All statutory references are to RSMo 2016 as supplemented through November 7, 2018, unless otherwise indicated.

proceed. Escalona did not appear for the hearing. The motion court entered a docket entry dismissing the Amended Motion for failure to appear. Escalona's counsel filed a motion to amend the judgment of dismissal. At a brief hearing on this motion, Escalona's counsel advised the motion court that Escalona's appearance was not required and that she did not believe the claims asserted in the Amended Motion required his testimony. She also advised the motion court that even if the court dismissed the Amended Motion without a hearing, findings of fact and conclusions of law on the matters raised in the Amended Motion were required by Rule 29.15(j). The motion court denied Escalona's motion to amend the judgment on April 17, 2023, and re-entered its earlier docket entry, noting that findings are not required when a case is dismissed for failure to appear.

Escalona appeals.

## Standard of Review

"We review a motion court's denial of post-conviction relief to determine whether the motion court's findings of fact and conclusions of law are clearly erroneous." *Caldwell v. State*, 686 S.W.3d 649, 652 (Mo. App. W.D. 2024) (citing Rule 29.15(k)). "A judgment is clearly erroneous when, in light of the entire record, the court is left with the definite and firm impression that a mistake has been made." *Id.* (quoting *Swallow v. State,* 398 S.W.3d 1, 3 (Mo. banc 2013)).

## Analysis

Escalona's sole point on appeal alleges that the motion court clearly erred in denying his Rule 29.15 amended motion for failure to appear because the judgment failed to include findings of fact or conclusions of law as required by Rule 29.15(j), effectively

3

depriving Escalona of meaningful appellate review pursuant to Rule 29.15(k).  The State

concedes that the motion court committed clear error.  We agree.

Post-conviction relief is not a federal constitutional right for individuals convicted

of state crimes.  *Muhammad v. State*, 579 S.W.3d 291, 294 (Mo. App. W.D. 2019)

(quoting *Price v. State,* 422 S.W.3d 292, 296 (Mo. banc 2014)).  "States provide post-

conviction remedies at their discretion.  In Missouri, Rule 29.15 is the exclusive remedy

for an inmate who seeks post-conviction relief after trial."  *Id.* (citation omitted).

Rule 29.15(j) requires that, "[w]hether or not a hearing is held, the court ***shall***

issue findings of fact and conclusions of law ***on all issues presented***."  (Emphasis added).

"The rule is not ambiguous in this directive, and its requirements are not a mere

formality."  *Morse v. State*, 620 S.W.3d 117, 119 (Mo. App. W.D. 2021) (citing *Ayres v.*

*State*, 62 S.W.3d 629, 630 (Mo. App. E.D. 2001)).  "While there is no precise formula to

which findings of fact and conclusions of law must conform, they must address all of the

issues raised and be sufficiently specific to allow for meaningful appellate review."

*Mack v. State*, 635 S.W.3d 607, 613-14 (Mo. App. W.D. 2021) (quoting *Morse*, 620

S.W.3d at 119).  Additionally, "[t]he motion court 'must make findings of fact and

conclusions of law even when a [Rule 29.15] motion is dismissed.'"  *Williams v. State*,

602 S.W.3d 275, 282 (Mo. App. E.D. 2020) (quoting *State v. Rouse*, 866 S.W.2d 179,

180 (Mo. App. W.D. 1993)).

The motion court scheduled an evidentiary hearing on the Amended Motion for

February 7, 2023.  Escalona's counsel appeared at the hearing without Escalona and was

prepared to present evidence on the claims raised in the Amended Motion.  The motion

4

court denied counsel this opportunity, citing Escalona's failure to appear, and dismissed the Amended Motion for failure to appear. Escalona's counsel filed a motion to amend the judgment and explained that Escalona's presence was not required to effectively present the claims raised in the Amended Motion, and that in any event, Rule 29.15(j) required the motion court to make findings of fact and conclusions of law on the matters raised in the Amended Motion. The motion court denied the motion to amend. This was clear error.

Rule 29.15(j) unambiguously requires a motion to court to make findings of fact and conclusions of law on all issues presented by a post-conviction motion, regardless of whether a hearing is held. Findings of fact and conclusions of law are essential to afford meaningful appellate review, as Rule 29.15(k) limits appellate review "to a determination of whether the findings and conclusions of the trial court are clearly erroneous."

There are limited exceptions to the requirement that a motion court make findings of fact and conclusions of law, including when:

> (1) . . . the only issue is one of law, but the court must still enter a conclusion of law; (2) . . . an isolated issue [makes] clear that the movant is entitled to no relief as a matter of law and will suffer no prejudice by denying a remand; (3) . . . the court grants a hearing on the motion and the movant fails to present substantial evidence at the hearing to support that allegation; (4) . . . issues that were not properly raised or are not cognizable in a post-conviction motion; and, (5) . . . the motion itself was insufficient.

*Mitchell v. State*, 510 S.W.3d 366, 371 (Mo. App. E.D. 2017) (citing *White v. State*, 57 S.W.3d 341, 343 (Mo. App. E.D. 2001)). The State does not contend that any of these exceptions apply to the instant case, and we agree. The only exception of colorable application could be where a hearing is granted but a movant fails to present substantial

5

evidence. However, the record establishes that Escalona's counsel appeared at the hearing and was prepared to present evidence on the claims raised in his Amended Motion. Though Escalona did not appear, Rule 29.15(i) provides that "[a]t any hearing ordered by the court the movant need not be present." The State concedes that the record reflects no order by the motion court requiring Escalona's presence at the hearing. And in any event, Escalona's counsel affirmatively represented to the motion court that her client's presence at the hearing was not necessary given the nature of the claims raised in the Amended Motion.[4]

Because the motion court committed clear error when it dismissed Escalona's Amended Motion for failure to appear without making findings of fact and conclusions of law as required by Rule 29.15(j), we are required to reverse the motion court's judgment and remand this matter for further proceedings.

Escalona's point on appeal is granted.

**Conclusion**

---

[4]This case is thus distinguishable from *Forister v. State*, 849 S.W.2d 606, 607 (Mo. App. E.D. 1993), where the movant affirmatively refused to attend a hearing scheduled on his post-conviction motion and affirmatively advised his counsel and the motion court that he did not want the court to require him to appear. A hearing proceeded without the movant in attendance, during which movant's counsel advised the motion court that she had attempted to persuade movant to agree to attend the hearing, but he had refused. *Id.* Counsel testified at the hearing that movant was "at peace with himself" in prison. *Id.* No evidence on the merits of the Rule 29.15 motion was adduced during the hearing. *Id.* No argument was made that the claims in the Rule 29.15 motion could be effectively presented without the movant's testimony. Under these circumstances, our Eastern District held that the motion court did not abuse its discretion in granting the State's motion to dismiss the Rule 29.15 motion at the end of the hearing, as the record permitted the conclusion that the movant was refusing to go forward with evidence in support of his Rule 29.15 motion by his own presence or otherwise.

The motion court's judgment dismissing Escalona's Rule 29.15 motion is reversed, and this matter is remand for further proceedings consistent with this Opinion.


_____
Cynthia L. Martin, Presiding Judge

All concur