

# In the Missouri Court of Appeals
# Eastern District

### DIVISION ONE

| | | |
|---|---|---|
| GREGORY TRAPP, | ) | No. ED111699 |
| | ) | Consolidated with: Nos. ED111700 and |
| | ) | ED111701 |
| | ) | |
| Appellant, | ) | Appeals from the Circuit Court |
| | ) | of Warren County |
| vs. | ) | 20BB-CC00037, 19BB-CC00095, and |
| | ) | 20BB-CC00036 |
| | ) | |
| STATE OF MISSOURI, | ) | Honorable Linda R. Hamlett |
| | ) | |
| Respondent. | ) | Filed:  August 27, 2024 |

Gregory Trapp ("Movant") appeals the decisions dismissing his amended Rule 24.035[1] motions for post-conviction relief for failure to prosecute.[2]  It is undisputed by the parties that the decisions contain no findings of fact or conclusions of law regarding Movant's alleged failure to prosecute or regarding the timeliness of Movant's *pro se* Rule 24.035 motion.  We reverse and remand.

---

[1] All references to Rule 24.035 are to the version of Missouri Supreme Court Rule 24.035 effective from January 1, 2018, to November 3, 2021, which was the version of the Rule in effect at the time Movant's *pro se* motion for post-conviction relief was filed on November 14, 2019.

[2] Movant filed three virtually identical Rule 24.035 amended motions for post-conviction relief challenging his guilty pleas in three separate causes in the Circuit Court of Warren County.  As a result, three separate corresponding post-conviction cases were initiated in cause numbers 20BB-CC00037, 19BB-CC00095, and 20BB-CC00036.  After the motion court entered virtually identical decisions dismissing each of these matters individually, and Movant filed a notice of appeal in each, three appeal numbers were initiated in ED111699, ED111700, and ED111701.  This Court subsequently ordered all three post-conviction matters consolidated under appeal No. ED111699.

## I. BACKGROUND

In three separate causes in the Circuit Court of Warren County, Movant was charged with one count of second-degree domestic assault, one count of delivery of a controlled substance, and one count of third-degree domestic assault.

**A.    Movant's Guilty Plea Hearing, Movant's Sentencing Hearing, and the Execution of Movant's Sentence**

During a single guilty plea hearing, Movant pleaded guilty to the above three charges pursuant to a plea agreement with the State. The trial court found there was a factual basis for each of Movant's guilty pleas, the court accepted the pleas, and the court found Movant made the pleas knowingly, voluntarily, and intelligently.

Movant's sentencing hearing took place on May 10, 2019. The trial court found Movant was a persistent offender and sentenced Movant in a manner consistent with the State's recommendation. Specifically, the court sentenced Movant to total of ten years of imprisonment but suspended execution of the sentence and ordered 120 days' shock incarceration under section 559.115 RSMo 2016 (effective from January 1, 2017, to August 27, 2021).

Movant began his shock incarceration in the Missouri Department of Corrections ("DOC") on May 17, 2019, and his final, 120th day of the program was scheduled to be on September 14, 2019. On August 5, 2019, the Board of Probation and Parole directed Movant to have no contact with the victim of his two domestic assault convictions. Movant subsequently violated this directive by contacting the victim multiple times. Thereafter, the trial court entered an order on August 26, 2019, finding it would be an abuse of discretion to release Movant and ordering the execution of Movant's total ten-year sentence.

**B.      Movant's Post-Conviction Proceedings**

On November 14, 2019, Movant untimely filed a single *pro se* Rule 24.035 motion seeking to set aside all three of his guilty plea convictions and sentences.[3] Movant's *pro se* motion set forth four claims alleging he was entitled to post-conviction relief.

The motion court subsequently appointed counsel for Movant. On August 9, 2021, Movant filed a statement explaining why his *pro se* Rule 24.035 motion was not timely filed and requesting the motion court to excuse the late filing. Movant's statement alleged, *inter alia*, that: (1) sometime between September 24, 2019, and October 15, 2019, when Movant was incarcerated at the DOC, Movant began the process of completing his Form 40[4] *pro se* Rule 24.035 motion; (2) on October 15, 2019, Movant was transferred to the Jefferson County jail because a writ was filed against him by the Jefferson County Prosecuting Attorney's Office, and Movant remained in the jail until November 5, 2019 (one day before his *pro se* Rule 24.035 motion was due); (3) during the time Movant was in the Jefferson County jail from October 15 to November 5, 2019, Movant did not have access to a law library or the Form 40 *pro se* Rule 24.035 motion that he had started working on at the DOC; and (4) after Movant was returned to the DOC on November 5, 2019, Movant had difficulty getting a notary public to notarize his Form 40 *pro se* Rule 24.035 motion.

On August 9, 2021, Movant's counsel filed three virtually identical amended Rule 24.035 motions on Movant's behalf challenging each of Movant's three guilty pleas. Movant's amended Rule 24.035 motions: (1) contended Movant's statement explaining why his *pro se*

---

[3] Because Movant did not appeal his convictions and sentences, his *pro se* Rule 24.035 motion was due 180 days after he was sentenced on May 10, 2019, i.e., on November 6, 2019. *See* Rule 24.035(b).
[4] Form 40 is the criminal procedure form that all Rule 24.035 motions must substantially comply with. Missouri Supreme Court Rules (2019) Criminal Procedure Form No. 40; Rule 24.035(b); *Wolf v. State*, 637 S.W.3d 540, 542-43 (Mo. App. E.D. 2021). "Form 40 serves as a procedural guide to filing motions for post[-]conviction relief." *Wolf*, 637 S.W.3d at 543 (citation omitted).

Rule 24.035 motion was not timely filed sufficiently alleged the filing was untimely due to active interference beyond Movant's control; (2) set forth six claims alleging Movant was entitled to post-conviction relief; and (3) requested an evidentiary hearing.

After Movant's amended Rule 24.035 motions were filed on August 9, 2021, no further activity in Movant's case took place for over seventeen months, until February 6, 2023, when the motion court: (1) placed all three of Movant's amended Rule 24.035 motions on the dismissal docket for April 14, 2023; and (2) ordered Movant's amended motions would be dismissed without prejudice "[i]f a request for trial setting [wa]s not received before [that] date." On April 11, 2023, Movant filed motions requesting the motion court to remove each of Movant's amended Rule 24.035 motions from the court's dismissal docket and requesting the court to schedule an evidentiary hearing.

Subsequently, on April 14, 2023, the motion court entered decisions dismissing all three of Movant's amended Rule 24.035 motions for failure to prosecute. It is undisputed by the parties that the decisions contain no findings of fact or conclusions of law regarding Movant's alleged failure to prosecute or regarding the timeliness of Movant's *pro se* Rule 24.035 motion. Movant appeals.

## II.  DISCUSSION

In Movant's sole point on appeal, he argues the motion court clearly erred in dismissing his amended Rule 24.035 motions for failure to prosecute without issuing findings of fact and conclusions of law. The State concedes the motion court erred in this regard. However, the parties disagree whether reversal and remand is the appropriate remedy, with Movant contending reversal and remand is necessary and the State asserting it is unnecessary. For the reasons discussed below, this Court: (A) agrees with both parties that the motion court clearly erred in dismissing Movant's

4

amended Rule 24.035 motions for failure to prosecute without issuing sufficient findings of fact

and conclusions of law; and (B) holds reversal and remand is the appropriate remedy in this case.

**A.      Analysis as to Why the Motion Court Clearly Erred in Dismissing Movant's Amended Rule 24.035 Motions for Failure to Prosecute Without Issuing Findings of Fact and Conclusions of Law**

Rule 24.035(j) requires a motion court to issue findings of fact and conclusions of law on

all issues presented in a post-conviction motion, regardless of whether a hearing is held. *Id*.

"The motion court must make findings of fact and conclusions of law even when a [Rule 24.035]

motion is dismissed." *Williams v. State*, 602 S.W.3d 275, 282 (Mo. App. E.D. 2020) (citation

and internal quotations omitted). "While there is no precise formula to which findings of fact

and conclusions of law must conform, they must address all of the issues raised and be

sufficiently specific to allow for meaningful appellate review." *Adams v. State*, 483 S.W.3d 480,

483 (Mo. App. E.D. 2016) (emphasis and citation omitted).

In this case, it is undisputed by the parties that the decisions contain no findings of fact or

conclusions of law regarding Movant's alleged failure to prosecute or regarding the timeliness of

Movant's *pro se* Rule 24.035 motion. Under these circumstances, we agree with the parties that

the motion court clearly erred in dismissing Movant's amended Rule 24.035 motions for failure to

prosecute without issuing sufficient findings of fact and conclusions of law. *See* Rule 24.035(j);

*Williams*, 602 S.W.3d at 282; *see also Adams*, 483 S.W.3d at 483.

**B.      Analysis as to Why Reversal and Remand is the Appropriate Remedy in This Case**

As a general rule, a motion court's failure to issue findings of fact and conclusions of law

as contemplated by Rule 24.035(j) mandates reversal and remand. *Ross v. State*, 659 S.W.3d

368, 372 (Mo. App. E.D. 2023). However, several exceptions to this rule have developed in

Missouri case law involving situations where reversal and remand are unnecessary. *Id*. (citing to *Mitchell v. State*, 510 S.W.3d 366, 371 (Mo. App. E.D. 2017) (listing exceptions)).

The State contends reversal and remand is unnecessary here because the circumstances of this case fit one exception to the remand requirement: "when it is clear the movant is entitled to no relief as a matter of law and will suffer no prejudice by forgoing remand." *See Ross*, 659 S.W.3d at 372; *see also Mitchell*, 510 S.W.3d at 371. The State asserts this exception applies here because Movant's *pro se* Rule 24.035 motion was untimely filed and Movant failed to allege a recognized exception excused his untimely filing. For the reasons discussed below, we disagree with the State's arguments and hold reversal and remand is the appropriate remedy in this case.

1. **General Law Pertaining to the Time Limits for Filing a *Pro se* Rule 24.035 Motion and the Recognized Exceptions Excusing a Movant's Untimely Filing**

When a movant does not appeal his conviction and sentence following a guilty plea, his *pro se* Rule 24.035 motion is due 180 days after he was sentenced. Rule 24.035(b). The time limits for filing a *pro se* motion under Rule 24.035 "are mandatory and strictly enforced." *Ross*, 659 S.W.3d at 371. Moreover, a movant's "[f]ailure to file a motion within the time provided by . . . Rule 24.035 shall constitute a complete waiver of any right to proceed" under the rule. *Ross*, 659 S.W.3d at 371 (bracketed alterations in original and quoting Rule 24.035(b)). Accordingly, a motion court is required to dismiss an untimely filed *pro se* Rule 24.035 motion unless the movant pleads and proves facts that the untimeliness was excused because of a recognized exception to the time limits of Rule 24.035(b). *Ross*, 659 S.W.3d at 371 (citing, *inter alia*, *Dorris v. State*, 360 S.W.3d 260, 267 (Mo. banc 2012)).

Circumstances excusing a movant's untimely filing of a *pro se* post-conviction motion are "very rare." *Ross*, 659 S.W.3d at 371, 374. As relevant to this case, Missouri Courts have

6

held a recognized exception to the time limits of Rule 24.035(b) exists when a movant-inmate pleads and proves facts showing he "'wr[ote] his initial post[-]conviction motion and t[ook] every step he reasonably [could] within the limitations of his confinement to see that the motion is filed on time' but 'the active interference of a third party beyond the inmate's control frustrate[d] those efforts and render[ed] the inmate's motion untimely.'" *Ross*, 659 S.W.3d at 371, 374 (citing *Dorris*, 360 S.W.3d at 267 and quoting *Price v. State*, 422 S.W.3d 292, 302 (Mo. banc 2014)).

**2.      Whether Movant Sufficiently Alleged a Recognized Exception to the Time Limits of Rule 24.035(b) Excused the Untimely Filing of His *Pro se* Rule 24.035 Motion**

In determining whether Movant sufficiently alleged a recognized exception to the time limits excused the untimely filing of his *pro se* motion, we find this Court's recent decision in *Ross v. State* to be instructive.

In *Ross*, the movant untimely filed his *pro se* Rule 24.035 motion but alleged in his *pro se* and amended post-convictions motions that circumstances related to the COVID-19 pandemic were beyond his control and excused the late filing. *Ross*, 659 S.W.3d at 370. It appears from the Court's decision that the movant had the ability to prepare and file his *pro se* Rule 24.035 post-conviction motion from the date he was sentenced (November 18, 2019) to at least March 1, 2020 (before pandemic protocols were implemented). *See Ross*, 659 S.W.3d at 370. However, the movant alleged in his amended Rule 24.035 motion that pandemic protocols implemented after March 1, 2020, prevented the timely filing of his motion because, *inter alia*, "the [] protocols prevented him from accessing the law library to research and prepare his motion," and "he did not have a copy of Form 40 while under lockdown." *Ross*, 659 S.W.3d at 370. The motion court ultimately denied the movant's amended Rule 24.035 motion on the merits without

7

an evidentiary hearing, and the court did not issue any findings of fact or conclusions of law regarding the timeliness of the movant's *pro se* motion in its decision. *Ross*, 659 S.W.3d at 370-71.

The movant appealed, and the State conceded on appeal that the motion court erred in failing to issue any findings of fact or conclusions of law as to the timeliness of the movant's *pro se* motion. *Id*. at 372. However, the State argued remand was unnecessary, the movant was entitled to no relief as a matter of law, and the movant would suffer no prejudice by forgoing remand because the movant's *pro se* Rule 24.035 motion was untimely filed and because he failed to allege a recognized exception excused his untimely filing. *Ross*, 659 S.W.3d at 372, 373-75; *see also Mitchell*, 510 S.W.3d at 371.

This Court rejected the State's arguments, specifically holding that "[r]emand here cannot be deemed unnecessary and forgoing it may be prejudicial" because: (1) "[the movant] alleged that a recognized exception for circumstances beyond his control applied to excuse his untimely filing"; (2) "existing precedent regarding this exception is not clearly fatal to its application here"; and (3) "[the movant] has not had the opportunity to present evidence on his argument for applying that exception to this case." *Ross*, 659 S.W.3d at 374 (internal quotations omitted). Our Court acknowledged the movant's allegations that active interference by the DOC in the form of COVID-19 protocols prevented him from preparing and filing his post-conviction motion in a timely manner would "likely be an exceedingly difficult set of circumstances to prove." *Id*. at 375. Importantly, however, our Court found whether the movant could prove his allegations was not before us to review because the motion court failed to make any findings of fact or conclusions of law on that issue. *Id*. The *Ross* Court ultimately reversed the motion

8

court's decision and remanded for further proceedings consistent with the opinion and with specific directions to the motion court. *Id*.

The circumstances in this case are similar to those in *Ross* in many respects, including that: (1) Movant's *pro se* Rule 24.035 motion was untimely filed; (2) Movant alleged in filings before the motion court that circumstances were beyond his control and excused the late filing; (3) the motion court did not issue any findings of fact or conclusions of law regarding the timeliness of Movant's *pro se* motion in its decision; and (4) the State argues remand is unnecessary, Movant is entitled to no relief as a matter of law, and Movant will suffer no prejudice by forgoing remand because his *pro se* Rule 24.035 motion was untimely filed and because he failed to allege a recognized exception excused his untimely filing.

In addition, similar to the movant in *Ross*, it appears from the record that Movant had the ability to prepare and file his *pro se* Rule 24.035 post-conviction motion for at least part of the time between the date he was sentenced (in this case May 10, 2019), and when the alleged circumstances beyond his control allegedly excused his late filing occurred (here, Movant being transferred from the DOC to the Jefferson County jail on October 15, 2019, because a writ was filed against him by the Jefferson County Prosecuting Attorney's Office, remaining in the jail until the day before his *pro se* motion was due, and then having difficulty getting a notary public to notarize his Form 40 after he returned to the DOC). Although the alleged circumstances in *Ross* involved COVID-19 protocols and the ones in this case involved a transfer to another facility, what is significant is the movant in *Ross* and Movant here both alleged their respective circumstances which were beyond their control prevented them from accessing a law library or a Form 40 and timely filing their *pro se* motion. Based on the foregoing circumstances, and pursuant to the reasoning in *Ross*, "[r]emand here cannot be deemed unnecessary and forgoing it

9

may be prejudicial" because: (1) "[Movant] alleged that a recognized exception for circumstances beyond his control applied to excuse his untimely filing"; (2) "existing precedent regarding this exception is not clearly fatal to its application here"; and (3) "[Movant] has not had the opportunity to present evidence on his argument for applying that exception to this case." *See Ross*, 659 S.W.3d at 374 (internal quotations omitted).

Similar to our Court's finding in *Ross*, we acknowledge Movant's allegations that active interference by the Jefferson County Prosecuting Attorney's Office and the Jefferson County jail prevented him from preparing and filing his post-conviction motion in a timely manner will "likely be an exceedingly difficult set of circumstances to prove." *See id.* at 375. Importantly, however, whether Movant can prove his allegations is not before us to review because the motion court failed to make any findings of fact or conclusions of law on that issue. *See id.*

Based on the foregoing, we find reversal and remand is the appropriate remedy in this case. *See id.* Movant's sole point on appeal is granted.

### III.    CONCLUSION

The motion court's decisions are reversed, and we remand for further proceedings consistent with this opinion and the following directions:

(a) "The [motion] court must determine if an evidentiary hearing is warranted on [Movant's] claim that the *pro se* motion's untimeliness should be excused. If no hearing is held, then the [motion] court must still issue findings of fact and conclusions of law to that effect and dismiss the motion as untimely." *See id.* (emphasis added).

(b) "If the [motion] court holds a hearing, but [Movant] fails to prove by a preponderance of the evidence that the untimeliness of his *pro se* motion should be excused, then it must still issue findings of fact and conclusions of law to that effect and dismiss the motion as untimely." *See id*. (emphasis added).

(c) If the motion court holds a hearing, and Movant proves by a preponderance of the evidence that the untimeliness of his *pro se* motion should be excused, then the court must determine if an evidentiary hearing is warranted regarding Movant's alleged failure to prosecute. *See id*.; *Teer v. State*, 50 S.W.3d 284, 285 (Mo. App. E.D. 2001). Whether or not a hearing is held regarding Movant's alleged failure to prosecute, the motion court must issue findings of fact and conclusions of law on this issue and then engage in further proceedings consistent with this opinion. *See id*.

_____

ROBERT M. CLAYTON III, Presiding Judge

Philip M. Hess, J., and
Cristian M. Stevens, J., concur.

11